25 N.J. Super. 37 (1953)
95 A.2d 439
HARRY GERMANO AND NICHOLAS LASSANDRO, PLAINTIFFS,
v.
JOHN B. KEENAN, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF NEWARK, AND CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 3, 1953.
*38 Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kaufman appearing; Mr. John M. Kaufman on the brief), attorneys for plaintiffs.
*39 Mr. Charles Handler, attorney for defendants (Mr. George B. Astley on the brief).
STEIN, J.S.C.
Plaintiffs are war veterans. The defendant John B. Keenan is the Director of Public Safety of the City of Newark. Plaintiffs are the holders of a license pursuant to R.S. 45:24-9 to hawk, peddle and vend goods, wares and merchandise or solicit trade within this State. Heretofore defendant John B. Keenan, through the police, prevented these plaintiffs from peddling in downtown Newark up to March 16, 1951. On that date, in a prior proceeding between the plaintiffs and the defendants, this court enjoined the defendant Keenan from interfering with plaintiffs while hawking, peddling or vending on the streets and sidewalks of the City of Newark. The judgment was based on the statute at that time which granted war veterans the right to obtain a license to peddle and held that the plaintiffs being licensed veterans the defendant Keenan's action interfered with their right to peddle and violated the statute.
The act, R.S. 45:24-9, was on June 18, 1952 amended, and as amended now provides that: "Hawking, peddling and vending hereafter may be regulated by municipal ordinance on public boardwalks, public beaches, streets and highways." The words "streets and highways" were added by the amendment.
Thereafter the City of Newark adopted an ordinance which prohibits all peddling on certain streets named therein which streets encompass the entire downtown and main business area of Newark.
Plaintiffs in their complaint filed in this suit charge that they have been threatened by the police of the City of Newark, acting under orders of the defendant John B. Keenan, that if they engage in the business of hawking, peddling and vending upon any of the streets enumerated in the ordinance in which hawking, peddling and vending is prohibited, they would be arrested and prosecuted.
The matter is now before me on the return of an order to show cause why the defendant Keenan should not be enjoined *40 from interfering with the plaintiffs in hawking and peddling their merchandise in accordance with their license.
Plaintiffs contend that the ordinance is invalid and illegal for the following reasons: (a) The ordinance is not regulatory but prohibitory and beyond the power of the municipality under the statute; (b) it is an unreasonable exercise of any power granted to the municipality by the Legislature; (c) under a proper construction of R.S. 45:24-9, the plaintiffs are exempt from regulation by municipal ordinance in the operation of their business; (d) if the ordinance is construed to apply to plaintiffs holding licenses under R.S. 45:24-9, that then the ordinance violates the due process clause of the Constitution of the State and the United States in that the ordinance results in arbitrary unreasonable and discriminatory deprivation of the property of the plaintiffs in violation of the due process and equal protection clause of the Constitution of the State and the United States.
In N.J. Good Humor, Inc., v. Bradley Beach, 124 N.J.L. 162 (E. & A. 1940), a similar ordinance prohibiting peddling was under consideration by the Court of Errors and Appeals. In that case the Borough of Bradley Beach adopted an ordinance prohibiting hawking, peddling or vending. The court there dealt with a broader question than is involved in the instant case, the constitutionality of an ordinance prohibiting peddling where there was no statute vesting the plaintiff with a preferred status. Here, the plaintiffs come before the court fortified with a statute in existence since 1904 wherein is established the policy of this State granting to all war veterans the right to peddle; thus the plaintiffs enjoy a greater standing than did the N.J. Good Humor, Inc. to attack the constitutionality of the ordinance prohibiting peddling.
In the N.J. Good Humor, Inc. case, supra, the court in holding the ordinance to be unconstitutional said:
"Evidently, the motive for this municipal action was the overthrow of competition for the benefit of local merchants and storekeepers; and this, too, constitutes an arbitrary use of sovereign power."
*41 It is likewise evident in the instant case that the motive here too for municipal action was to prevent competition with local merchants and storekeepers  witness the fact that the ordinance prohibits hawking and peddling in the area in which the principal business houses in the City of Newark are located. Moreover, the ordinance seeks to deprive plaintiffs of the right to peddle and hawk under their license as veterans, a status granted by the State, and for that reason standing alone is invalid.
"The law will not tolerate an invasion of the right of property under the guise of a police regulation in the professed interest of the public health or safety when it is manifest that such was not the object of the regulation." Delawanna Iron and Metal Co. v. Albrecht, 9 N.J. 424 (1952).
Counsel for defendants in their brief argue that the ordinance prohibiting hawking, peddling and vending in certain streets and highways of the City of Newark is within its power under the statute as amended as a regulatory ordinance within the meaning of the amendment and that the ordinance
"is regulatory in that the same does not prohibit the veteran from peddling within the city limits, but only upon certain streets and highways and the sidewalks thereof, within the city, and these streets and highways are congested, and it therefore becomes necessary for the good and welfare of the public using the same, to regulate the streets and the sidewalks thereof, from the additional traffic conditions caused by peddlers and hawkers operating thereon * * *."
But "regulation," it was held in N.J. Good Humor, Inc. v. Bradley Beach, supra, cannot be stretched to mean "prohibition." The power to regulate is ordinarily confined to such reasonable restraints upon the trade or business made the subject thereof as may be demanded by the public interest. It will not usually be construed as including the absolute prohibition of a legitimate business that may be pursued as of common right.
There is no legislative indication that the amendment in 1952 in any way changed the long-standing policy of this *42 State expressed in Strauss v. Bradley Beach, 117 N.J.L. 45 (Sup. Ct. 1936), affirmed 118 N.J.L. 561 (E. & A. 1937):
"There is no doubt we think of the purpose of the statutes. It was to class veterans of the various wars as a body and to entitle them to a privilege of peddling throughout the state regardless of the action of municipalities, whether such action took a prohibitive form or a regulative form. The statute is applicable to the state generally, making no exceptions, and if in conflict with a municipal ordinance the latter must cease to be effective."
Municipalities are the creatures of the State and enjoy only such power as is delegated to them. It follows that the City of Newark, in face of the statute granting plaintiffs the right to hawk and peddle their wares on the streets of the city, could not by ordinance prohibit the plaintiffs' right to hawk and peddle on certain streets. The ordinance under consideration transcends the municipality's delegated power under the statute.
Injunction will issue.