564 P.2d 1260

Harold E. NELSON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

J & D Construction, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 1573.

Court of Appeals of Arizona, Division 1, Department C.

April 19, 1977.

Rehearing Denied May 19, 1977.

Review Denied June 7, 1977.

**294**

Ely & Bettini by Joseph M. Bettini, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Don A. Fendon, Phoenix, for respondent employer and respondent carrier.

## OPINION

SCHROEDER, Judge.

This is a review of an Industrial Commission determination that the petitioner was not entitled to a hearing on his claim for permanent unscheduled injury benefits. The hearing officer determined that the carrier's Notices of Claim Status awarding petitioner permanent benefits for a scheduled injury had become final. Petitioner here argues first that the carrier's Notices of Claim Status were void because of the failure on the part of the carrier sufficiently to investigate his eligibility for unscheduled benefits as a result of prior injuries. Petitioner alternatively argues that, even if the notices were not void, the hearing offi-

cer erred in finding that his request for a hearing on that claim came too late. We find petitioner's contentions to be without merit and affirm the award of the Commission.

In November 1973 petitioner sustained an industrial injury while working for defendant employer and he received temporary benefits related to that injury. On July 11, 1974, the carrier issued notices terminating petitioner's temporary compensation and medical benefits and providing him with benefits for a scheduled, permanent partial disability. The notices contained the standard warning that the petitioner should make any request for a hearing within 60 days, pursuant to A.R.S. § 23–947. The records of the Commission reflect that the first request for Commission action on the claim by petitioner was not made until October 15, 1974, more than 60 days after the notices. At least two other petitions for reopening and a request for rehearing were subsequently filed, in which the petitioner sought consideration by the Commission of his claim that by virtue of prior injuries, he was entitled to unscheduled rather than scheduled benefits for the injury received in this accident. The Commission held a hearing limited to considering whether the petitioner could attack the finality of the July 1974 notice. The hearing officer determined that the notices were final and not subject to protest. This special action followed.

◼ Petitioner's first contention is that the carrier's July 1974 notice of a scheduled permanent partial disability was void or voidable. Underlying this contention is the petitioner's assertion that he is entitled to unscheduled rather than scheduled benefits as a result of prior non-industrial injuries, relying upon *Ross v. Industrial Commission*, 112 Ariz. 253, 540 P.2d 1234 (1975); and *McKinney v. Industrial Commission*, 78 Ariz. 264, 278 P.2d 887 (1955). The merits of that assertion, however, are not before

us. Assuming, arguendo, that petitioner had prior injuries and that their existence would have entitled him to unscheduled benefits, we cannot hold that such an error in the carrier's Notice of Claim Status rendered it void and subject to attack by the employee at any subsequent time.

The carrier's Notice of Claim Status has been held void or voidable only in very limited circumstances. In *Roseberry v. Industrial Commission,* 113 Ariz. 66, 546 P.2d 802 (1976), the conclusion of a stationary condition contained in the notice was unsupported by the very medical report upon which the notice depended; the notice there was held to have been void on its face. *See also Bernard v. Industrial Commission,* 24 Ariz.App. 136, 536 P.2d 705 (1975) and *Best v. Industrial Commission,* 14 Ariz.App. 221, 482 P.2d 470 (1971), in which inconsistencies on the face of a Notice of Claim Status were held to create such ambiguity that the Notice would not be accorded finality after the 60 day period had lapsed. No such inconsistency appears on the face of the notices challenged here.

The record in this case reflects that the carrier's claims representative viewed the petitioner's file prior to determining whether he was entitled to scheduled benefits, and that she specifically examined the Workman's Report of Injury which petitioner had filled out and in which petitioner himself had left blank the questions relating to prior injuries. She herself testified that she was unaware of any reason why a scheduled award would be improper, and certainly none was apparent from the face of the Notice of Claim Status and the petitioner's own submissions. Petitioner relies heavily on the fact that there was in the carrier's file a document apparently indicating that the petitioner had a history of prior injuries which were not industrial and were not shown to have been disabling. We cannot agree with petitioner that the mere existence of such a document in the file would give rise to a duty on the carrier's part to turn the matter over to the Commission for determination of nonscheduled benefits.

In effect, petitioner's position is that the carrier is deprived of any right to make a unilateral determination of benefits where there could be the slightest doubt of the correctness of its determination. Our statutory system, however, is designed to allow carriers to make decisions subject to the right of the claimant to request a timely hearing. Such carrier determinations when not protested are entitled to finality. *See Saline v. Industrial Commission,* 16 Ariz. App. 204, 492 P.2d 453 (1972).

Our review of the cases cited by the parties reflects the importance which our courts have attached to the finality of unchallenged Commission and carrier determinations, even where they may have been incorrect. *See Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969); *Saline v. Industrial Commission, supra.* Finality has been accorded claim determinations even where there was an evident failure by the Commission to make an independent determination of claimant's average monthly wage, *Pinkerton v. Industrial Commission,* 15 Ariz.App. 275, 488 P.2d 480 (1971); where a notice terminating benefits failed to set forth the grounds for denial as required by rule, *Saline v. Industrial Commission, supra*; and where benefits were terminated retroactively by a carrier in clear violation of the Commission's rules, *Davis v. Industrial Commission,* 26 Ariz.App. 355, 548 P.2d 849 (1976).

■ Petitioner next contends that the evidence before the hearing officer conclusively established that petitioner did file a request for hearing within the required 60 days after receiving the July Notices of Claim Status. This issue is essentially a factual one. No such request appears in the Commission records. Petitioner, however, testified that he did appear within the 60 days at the Industrial Commission's office, signed a log book, and filed some papers in order to get a hearing. The transcript shows that petitioner was confused

concerning the date which he appeared and what papers he filed. It was stipulated that the Commission's log book did not contain petitioner's name during the relevant period. We find there is sufficient basis for the hearing officer's determination that petitioner did not appear within the 60 day time limit to file a request for a hearing.

Petitioner's final argument is that the principles of *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), should be invoked to excuse his late filing.

█ In order to prevail on this theory petitioner must show a meritorious reason for the late filing. *Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976). Petitioner's asserted justification for excusing the late filing is that within the 60 day period he was not represented by counsel and had no knowledge that his prior injuries might affect the nature of the compensation to which he was entitled. There is nothing in the record to suggest that petitioner could not have sought assistance at an earlier time, or that he misunderstood the warning contained in the notices that request for hearing should be filed within 60 days. This case is thus unlike *Parsons* and subsequent cases permitting an exception to the 60 day rule. We find nothing in the statute or in those cases suggesting the wholesale exception urged by petitioner for what the hearing officer in effect decided was a lack of diligence.

Award affirmed.

OGG, Acting P. J., and FROEB, C. J., concurring.