616 P.2d 75

**Hilario CALIXTO, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Yuco Gin Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 2234.

Court of Appeals of Arizona, Division 1, Department C.

May 29, 1980.

Rehearing Denied July 11, 1980.

Review Denied Sept. 4, 1980.

Chris T. Johnson, P. C., Phoenix, for petitioner employee.

Calvin Harris, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund by Peter C. Kilgard, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Judge.

This special action review of an Industrial Commission award raises the sole question of whether a notice of claim status terminating temporary disability and medical benefits was valid. We affirm the hearing officer's determination that it was valid.

The relevant facts are as follows. On December 20, 1969, petitioner sustained an injury by accident arising out of and in the course of his employment as a farm laborer for Yuco Gin Company, the respondent employer. The State Compensation Fund, the respondent carrier, accepted his workmen's compensation claim and paid benefits for over one year.

On December 16, 1970, petitioner's treating physician notified the carrier that petitioner had been discharged and was able to return to work. On February 1, 1971, on the basis of this report, the carrier issued a notice of claim status terminating benefits because petitioner had been discharged without permanent disability. It is undisputed that the petitioner received this notice and failed to timely protest it.

In June 1971, petitioner sought to reopen his claim. The carrier denied the petition without protest. In March 1978 and in August 1978, petitioner again sought to reopen his claim. The carrier denied both petitions, and petitioner requested a hearing on each. The petitions were consolidated for purposes of the hearing.[1]

---

1. Petitioner also filed a claim for a new injury, which occurred while working for a different employer, and timely protested the carrier's denial of this claim. This request for hearing was also consolidated with the petitions to reopen. In this special action, petitioner con-

■ Subject to limited exceptions, an unprotested notice of claim status is *res judicata*. *See Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969); *Nelson v. Industrial Commission,* 115 Ariz. 293, 564 P.2d 1260 (App.1977). Because petitioner failed to protest the February 1971 notice, *res judicata* principles preclude relitigation of the existence of permanent disability unless an exception applies.

A.R.S. § 23–1061(H) provides for an exception to the *res judicata* effect of an unprotested notice when the claimant has a new, additional, or previously undiscovered condition. *See, e. g., State Compensation Fund v. Bunch,* 23 Ariz.App. 173, 531 P.2d 549 (1975). Petitioner, however, does not claim to have a new, additional, or previously undiscovered condition. Rather, he claims to have been permanently disabled at the time the February 1971 notice was issued. A.R.S. § 23–1061(H), therefore, does not apply to this case.

■ *Roseberry v. Industrial Commission,* 113 Ariz. 66, 546 P.2d 802 (1976) creates another exception to the *res judicata* effect of an unprotested notice when the notice is void. A notice is void only if *contradicted* by the very report upon which it is based. *See Nelson v. Industrial Commission, supra.* The hearing officer correctly determined that *Roseberry* was inapplicable, for the physician's report upon which the February 1971 notice was based supported the notice. If petitioner was permanently disabled despite his medical discharge and ability to return to work, he had the burden to protest the notice and to prove his claim.

■ For the first time on appeal, petitioner contends that the February 1971 notice is voidable because the carrier allegedly failed to report the termination of benefits to, and to file the supporting medical report with, the Industrial Commission as required by A.R.S. § 23–1061(F) and Rule 18, Rules of Procedure Before the Industrial Commission (A.C.R.R. R4–13–1189), respectively.[2] As a general rule, failure to raise an issue before the administrative tribunal precludes appellate review. *See Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (App.1977). An exception exists, however, if a jurisdictional defect is alleged. *See Van Sickle v. Industrial Commission,* 121 Ariz. 115, 588 P.2d 857 (App.1978).

■ Petitioner cites no authority to support his contention that the alleged failures to report to the Commission constitute jurisdictional defects affecting the Commission's power to adjudicate a protest of this notice, nor does he persuasively argue why these failures should be considered jurisdictional defects. We conclude that noncompliance with A.R.S. § 23–1061(F) and Rule 18 do not constitute jurisdictional defects. *Cf. Davis v. Industrial Commission,* 26 Ariz. App. 355, 548 P.2d 849 (1976) (rejecting contention that alleged defects in notice constituted jurisdictional defects.) Therefore, under *Stephens,* we are precluded from considering this issue.

Award affirmed.

CONTRERAS, P. J., and OGG, C. J., concur.

cedes the correctness of the award as to this new injury claim. By order of this court, the petition for special action was dismissed as to the employer and carrier on the new injury claim.

2. On review, the carrier does not concede that the filing did not occur at the Commission. Rather, it argues that since this was never raised before the hearing officer, no extensive search was made of this 10 year old file to ascertain factually whether it was filed.