630 P.2d 45

**Albert P. MINGHELLI, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Pascua Yaqui Development Project, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA-IC 2428.

Court of Appeals of Arizona, Division 1, Department C.

April 9, 1981.

Rehearing Denied June 12, 1981.

Review Denied June 30, 1981.

---

Rabinovitz & Dix, P.C. by Charles G. Rehling, Tucson, for petitioner.

Calvin Harris, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert Park, Chief Counsel, State Compensation Fund by Robert T. Wilson, Tucson, for respondent Ins. Carrier.

## OPINION

FROEB, Judge.

The sole issue in this special action review of an Industrial Commission award is whether, under the circumstances of this case, a notice of claim status terminating the petitioner employee's compensation benefits is void. The administrative law judge determined that the notice was not void. We affirm the award.

To understand the petitioner's contentions, a review of the procedural history of this claim is necessary. The petitioner timely filed a claim for an industrial injury diagnosed as tenosynovitis of the right forearm. The respondent carrier accepted the claim and paid medical and temporary compensation benefits. On the basis of a medical report closing treatment, the respondent carrier by notice of claim status terminated compensation. On the basis of a subsequent medical report indicating that the petitioner had sustained a remission and required further treatment, the respondent carrier by notice of claim status rescinded the prior notice and reinstated medical and temporary compensation benefits. The medical report on which this notice was based is the last report of record in this case.

On June 24, 1975, the respondent carrier suspended temporary compensation benefits effective May 24, 1974 [1] because the petitioner had left Arizona without obtaining the Industrial Commission's prior written approval as required by A.R.S. § 23–1071(A). On December 9, 1975, the respondent carrier issued a notice of claim status indicating that temporary compensation and active medical treatment were terminated on May 24, 1975 because the petitioner was discharged, that the injury resulted in no permanent disability, and that there had been no contact with the petitioner since the suspension was issued on June 24, 1975.

The petitioner failed to timely request a hearing as to the suspension or the notice of

claim status terminating benefits. On September 12, 1979, the petitioner filed requests for hearing contending that both the suspension and the termination notice were void.

The petitioner was the only witness at the scheduled hearing. He admitted that he left Arizona in April 1975 without obtaining the Industrial Commission's prior written approval. He indicated that he received both the notice of suspension and the notice of termination, but could not recall the exact date of receipt. The only reason he gave for the approximately five year delay in filing his requests for hearing was that at the time he received each of the notices he thought it was too late to protest. He further testified that although his injury continued to disable him, he had not sought medical treatment for his condition until his attorney advised him to consult an orthopedic surgeon in January 1980. Finally, the petitioner testified that although he returned to Arizona in October 1975, he never contacted the Industrial Commission or the respondent carrier because he did not realize he should have done so.

The award determined that both the suspension and the termination notice were not void, that the petitioner had failed to timely request hearings as to each of them, and that the untimely filing was unexcused. Accordingly, the administrative law judge dismissed the requests for a hearing. After the petitioner's request for administrative review was denied, he brought this Special Action—Industrial Commission.

On appeal, the petitioner has abandoned his contention that the suspension is void. Rather, he argues that given the validity of the suspension, the termination notice is void because (1) the termination notice is directly contradicted by the medical report supporting the suspension, (2) the reference in the termination notice to the suspension renders the termination notice ambiguous, and (3) the termination notice is an invalid attempt at a permanent suspension. We address these arguments in turn.

---

1. The administrative law judge found that the effective date of this notice was a mistake due to a typographical error. The intended effective date of the suspension was May 24, 1975.

■ Pursuant to A.R.S. § 23–1061(F) the workmen's compensation insurance carrier is authorized to terminate compensation benefits by notice of claim status. *See Holmes Tuttle Broadway Ford v. Industrial Commission*, 27 Ariz.App. 128, 551 P.2d 577 (1976). Subject to limited exceptions, an unprotested notice of claim status is res judicata. *Calixto v. Industrial Commission*, 126 Ariz. 400, 616 P.2d 75 (App.1980); *Nelson v. Industrial Commission*, 115 Ariz. 293, 564 P.2d 1260 (App.1977). Because the petitioner failed to timely protest the termination notice, res judicata principles preclude relitigation of the medical status of the petitioner's condition or the existence of permanent disability unless an exception applies.

■ One exception to the res judicata effect of an unprotested notice is where a notice of claim status terminating benefits is void because the supporting medical report directly contradicts the notice. *Roseberry v. Industrial Commission*, 113 Ariz. 66, 546 P.2d 802 (1976). In *Roseberry*, the medical report which was attached to the notice of claim status indicated that the treating physician considered the claimant's condition to be nonstationary and was actively treating him when a termination notice was issued. In contrast, in the case at bar, although the medical evidence indicated that the petitioner was nonstationary at the time benefits were suspended, some six months had elapsed between the suspension and the termination notice. During this period, the petitioner failed to contact the carrier about his claim or to seek active medical attention. This inactivity supports a reasonable inference that between the time of the suspension and the time of the termination, the petitioner's condition had become stationary without permanent impairment. If the petitioner was in fact nonstationary or permanently impaired, it was incumbent upon him to timely protest the termination notice and prove his claim.

■ Another exception to the res judicata effect of an unprotested notice of claim status is where the form notices issued are patently ambiguous. *Bernard v. Industrial Commission*, 24 Ariz.App. 136, 536 P.2d 705 (1975); *Best v. Industrial Commission*, 14 Ariz.App. 221, 482 P.2d 470 (1971). In these cases, the court held that because of the ambiguity the claimant failed to receive adequate notice that the carrier had terminated benefits. In contrast the termination notice in the case at bar is unambiguous. The termination of temporary compensation without permanent disability and the reference to the petitioner's failure to contact the carrier since the suspension was issued are consistent. The petitioner testified that he understood the effect of the termination notice, but failed to request a hearing solely because he thought the protest would be untimely. The December 9, 1975 notice adequately notified the claimant that the respondent carrier had terminated his benefits.

■ The petitioner's final contention is that because there was no medical evidence that his condition was stationary and he was unimpaired, and all prior evidence was to the contrary, the termination notice was a void attempt to permanently suspend benefits. In *Parkway Manufacturing v. Industrial Commission*, Ariz., 616 P.2d 612 (Ariz. Ct.App.,1981), this court held that it is unnecessary for every termination notice to be supported by a medical report so long as there is some other valid basis for the termination. As noted above, the petitioner's failure to seek medical or compensation benefits for some six months was an independent basis for the carrier's conclusion that his condition was stationary without permanent impairment.

■ In this context, the petitioner notes that the December 9, 1975 notice terminated temporary compensation and medical care as of the effective date of the suspension, May 24, 1975. Although this termination may violate the retroactivity limits of A.C.R.R. R4–13–118(A), this violation was waived by the failure to timely request a hearing on the termination notice. *See Holmes Tuttle Broadway Ford v. Industrial Commission*.

For the foregoing reasons, we conclude that the notice terminating compensation

benefits was not void. The petitioner's request for hearing was untimely filed and he does not contest the administrative law judge's determination that the untimely filing was unexcused. We therefore affirm the award dismissing his request for hearing.

O'CONNOR, P. J., and WREN, C. J., concur.