688 P.2d 1059

**NCR CORPORATION and National Union Fire Insurance of Pittsburgh, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Mercie Plowman, Respondent Employee.**

**No. 1 CA–IC–3062.**

Court of Appeals of Arizona, Division 1, Department A.

June 19, 1984.

Moore & Long by Joseph L. Moore, Phoenix, for petitioners.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Ely, Bettini & Ulman by J. Wayne Turley, Phoenix, for respondent employee.

## OPINION

FROEB, Judge.

This is a special action review of an Industrial Commission award vacating a termination notice because the notice is void. Several issues are presented, but the dispositive one is whether, despite uncontradicted medical evidence of permanent impairment, a carrier may terminate benefits without permanent impairment solely because a claimant fails to respond to a "twenty-day" letter. We agree with the administrative law judge that it may not, and therefore we affirm the award.

The facts relevant to this review follow. In August 1980, respondent employee (claimant) fractured toes of both feet at work. Her *pro se* workers' compensation claim was accepted, and orthopedic surgeon Joseph S. Gimbel, M.D., became her treating physician.

In September 1980, Dr. Gimbel released the claimant for work, but did not discharge her from his care. She returned to work despite continuing pain and numbness affecting her right foot. Her temporary disability status was subsequently changed from total to partial.

In late June of 1981, an independent medical examination was scheduled with orthopedic surgeon Gerald C. Moczynski, M.D. A July 3, 1981 report addressed to the claims representative concluded that the claimant was stationary with a 5% permanent impairment of the right foot.

On July 29, 1981, the claimant saw Dr. Gimbel for her periodic appointment. She was scheduled to return in two weeks, but did not return or give any explanation for this. On December 4, 1981, the claimant was sent a "twenty-day" letter. This form letter, in relevant part, stated:

( ) There is no indication in our file that you received medical treatment.

(XX) According to our file you have not sought further medical treatment since *7-29-81*.

If you did receive medical treatment or have sought further medical treatment since the date indicated above, please furnish us with the name and address of the hospital or physician that rendered such care.

If we do not hear from you within 20 days we will presume medical attention was not necessary or that you have recovered from this injury, and will proceed to close our file.

The claimant did not respond to this letter.

On January 7, 1982, a notice of claim status was issued terminating temporary compensation *without permanent impairment*. This notice indicated that the claimant had been discharged on July 29, 1981; it did not refer to the "twenty-day" letter. The notice included the standard warning that the termination would become final unless protested within ninety days. The claimant failed to protest within ninety days.

In June 1982, the claimant retained counsel and petitioned to reopen her claim. This was denied, and a hearing was scheduled for February 3, 1983. On February 1, 1983, the claimant filed a request for hearing protesting the January 7, 1982, termination notice.

Only the claimant appeared at the first scheduled hearing. Her brief direct testimony focused on the comparative worsening of her condition between when her claim was closed and when she sought to reopen it. Her cross-examination had the same focus, but she also testified that she had health problems unrelated to the industrial injury during the protest period for the termination notice.

A second scheduled hearing was held for Dr. Gimbel's testimony. At the close of this hearing, the employer's and carrier's counsel mentioned the protest of the termination notice. The administrative law judge was unaware of it until then. An off-record discussion ensued. When the hearing resumed, no record was made concerning the protest. The administrative law judge closed the hearing without indicating that the case was submitted for disposition.

The employer and carrier had an outstanding subpoena request for Dr. Moczynski, but the administrative law judge did not schedule a further hearing for his testimony. Instead, he issued the award vacating the termination notice. His dispositive findings state:

2. At the outset, it appeared the sole issue for determination herein was whether or not the applicant was entitled to have her claim "reopened" by reason by [sic] of new or additional disability. However on February 1, 1983, the applicant filed a second REQUEST FOR HEARING pointing out that the NOTICE OF CLAIM STATUS of January 7, 1982 was contrary to the medical report of July 3, 1981 authored by Gerald C. Moczynski, M.D. In this report, Dr. Moczynski concluded the applicant's condition was in fact medically stationary, but she had sustained a 5% impairment of her right foot. Therefore, the issue to be resolved herein is whether the carrier's NOTICE OF CLAIM STATUS of January 7, 1982 is void on its face.

3. One exception to the res judicata effect of an unprotested notice is where the NOTICE OF CLAIM STATUS terminating benefits is void because the supporting medical report directly contradicts the Notice. *Roseberry v. Industrial Commission*, 113 Ariz. 66, 546 P.2d 802 (1976).... In the case at bar, although the testimony reflects the applicant did not seek medical care for approximately one year after the issuance of the Notice, Dr. Moczynski's medical report clearly contradicted the carrier's finding the applicant had sustained no permanent impairment. Accordingly, it is herewith determined said Notice is void on its face, and should be vacated, i.e., declared null and void.

4. That applicant's entitlement to additional and/or further benefits shall be the subject of an administrative determination, and appropriate NOTICE OF CLAIM STATUS issued in accordance with said determination. The present record would more than support a finding that said applicant is entitled to additional medical benefits from the time she returned to her attending physician Dr. Gimbel, in July of 1982 until his discharge sometime in October of 1982. The evidence would also support a finding she has sustained a permanent impairment as result of the subject episode. Assuming the non-existence of Dr. Moczynski's report, the applicant's inactivity in seeking medical care between July 29, 1981, and the carrier's Notice of January 7, 1982, would have supported a reasonable inference that between said dates the applicant's condition had become stationary without permanent impairment. *Minghelli v. Industrial Commission*, 129 Ariz. 222, 630 P.2d 45 (1981).

5. That based upon the foregoing, the defendant carrier's NOTICE OF CLAIM STATUS heretofore issued on January 7, 1982, should be vacated, i.e., declared null and void, and the applicant's PETITION TO REOPEN dismissed as being inappropriate under the circumstances.

After the award was affirmed on administrative review, this special action followed.

■ On review, the employer and carrier deny the termination notice is void. They concede a notice is void if it is based on a medical report and if that report directly contradicts the notice. *See Roseberry v. Industrial Commission*, 113 Ariz. 66, 546 P.2d 802 (1976) (termination void because based on medical report recommending further active medical care). *But cf. Calixto v. Industrial Commission*, 126 Ariz. 400, 616 P.2d 75 (App.1980) (*Roseberry* inapplicable to termination notice based on medical report discharging claimant from care and releasing him for work). Employer and carrier would distinguish *Roseberry* on the ground that in the present case the termination notice was not based on Dr. Moczynski's medical report, but rather on the claimant's failure to respond to the "twenty-day" letter.

■ Medical evidence is not the only justification for terminating a claim. *Parkway Manufacturing v. Industrial Commission*, 128 Ariz. 448, 626 P.2d 612 (App.

1981). But an acceptable alternative must justify the closing. *Id.* For example, a claimant's affirmative response indicating that he believes he has recovered from the industrial injury justifies closing the claim. *Id.* at 451, 626 P.2d at 615. Also, a claimant's abandonment of his claim justifies closing the claim. *See Minghelli v. Industrial Commission,* 129 Ariz. 222, 630 P.2d 45 (App.1981) (claimant left Arizona without approval and after that failed to contact the Industrial Commission or the carrier for five years).

▣ In the present case, the "twenty-day" letter earlier quoted was sent to claimant approximately six months after the carrier had obtained the medical report of Dr. Moczynski. Standing alone, the twenty-day letter might have justified termination of the claim because of claimant's failure to respond. In the absence of the Moczynski report, the carrier would have been justified in terminating claimant with no permanent disability. The presence of the report in the hands of the carrier, however, places this case in the *Roseberry* category because it referred to claimant's permanent impairment. The twenty-day letter, sent thereafter, does not save the notice from being void because it is equivocal as to the basic issue of permanent impairment and it cannot serve to override the effect of the Moczynski report. The hearing judge correctly determined that the notice of claim status was void.

The employer's and carrier's reliance on *Nelson v. Industrial Commission,* 115 Ariz. 293, 564 P.2d 1260 (App.1977) is misplaced. There, the carrier closed a case with a scheduled disability. The claim form indicated no prior disabilities, but medical records in the file referred to prior nonindustrial injuries. In affirming this termination, we rejected the rule that "the carrier is deprived of any right to make a unilateral determination of benefits where there could be the slightest doubt of the correctness of its determination." *Id.* at 295, 564 P.2d at 1262. By contrast, in this case the only medical evidence on impairment directly contradicted the termination notice. Moreover, the report was prominent. To discover it, the carrier did not have to search its file for inconspicuous information.

▣ The employer and carrier raise three other issues, which require only summary disposition. First, they argue that they were not given the required notice of hearing on the claimant's protest of the termination notice. *See generally* A.R.S. § 23–941(D) (requiring at least 20 days' prior notice of a hearing). But the employer and carrier received statutory notice for the February 3, 1983, hearing on the reopening. They never objected to the administrative law judge's considering the termination protest at this hearing. Nor have they demonstrated any prejudice from this procedure. Second, they argue that they were entitled to have Dr. Moczynski's testimony. This argument ignores the procedural posture of the case. The administrative law judge did not make findings about the claimant's medical condition. This assessment is reserved for future administrative determination. Third, they argue that insufficient evidence was presented to warrant reopening. Again, the administrative law judge made no determination about reopening. Because the termination notice is void, the petition to reopen was dismissed.

In summary, the administrative law judge correctly concluded that the termination notice is void. We therefore affirm the award.

GRANT, P.J., and CORCORAN, J., concur.