548 P.2d 849

**Leon D. DAVIS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Navajo Freight Lines, Respondent Self-Insured Employer.**

**No. 1 CA–IC 1362.**

Court of Appeals of Arizona, Division 1, Department C.

April 20, 1976.

Rehearing Denied June 15, 1976.
Review Denied July 13, 1976.

Thur, Preston & Hungerford by Calvin C. Thur, Scottsdale, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Jones, Teilborg, Sanders, Haga & Parks by William R. Jones, Jr., Joseph L. Moore, Phoenix, for Navajo Freight.

## OPINION

WREN, Judge.

Petitioner, Leon D. Davis, seeks review of an Industrial Commission award which dismissed a request for hearing and thereby made res judicata a Notice of Claim Status terminating his workmen's compensation benefits. Davis contends that the Notice was void and therefore can have no res judicata effect.

Davis sustained an industrial injury on October 16, 1971 while employed by Navajo Freight Lines, the respondent self-insured employer. His claim for benefits was accepted by Navajo's claims administrator in Arizona, Crawford and Co. On June 11, 1973 a Notice of Claim Status was sent to Davis' attorney. This Notice terminated temporary compensation benefits retroactively to April 1, 1973 and medical benefits retroactively to January 18, 1973. Davis was released with no loss of earning capacity. No Request for Hearing was filed within the 60 day time period specified in the Notice.

On February 25, 1974, Davis requested a reopening of his claim. This request was denied by Navajo and a hearing requested. At the hearing, the issue of the validity of the June, 1973 Notice of Claim Status was raised. The hearing officer noted that the issue of the validity of that Notice was not before him because no hearing had been requested on those issues. Thereafter, a Request for Hearing directed to the June, 1973 Notice of Claim Status was filed. That hearing was held on January 7, 1975.

Davis' attack on the June, 1973 Notice of Claim status is two-fold. He asserts that it was jurisdictionally defective and

therefore void and that because a retroactive termination of benefits cannot be for more than 30 days, the termination of his benefits for periods beyond 30 days was ineffective.

## ALLEGED JURISDICTIONAL DEFECTS

■ The June, 1973 Notice of Claim Status terminating Davis' benefits listed the issuer as "United Transportation Adjustors" at a post office box address in Tempe, Arizona. Navajo Freight Lines was given as the employer and the Notice was signed by Joyce Lynch. It was addressed to Leon Davis in care of his attorney. Davis' argument is that this Notice sent by United Transportation Adjustors rather than Crawford and Co. and signed by a stranger was a void Notice. Because of these "jurisdictional defects", Davis asserts that it did not terminate his benefits nor close his claim and can have no res judicata effect.

The evidence before the Industrial Commission revealed that Roger Clayton became the administrator of Navajo's workmen's compensation claims in Arizona in February, 1973. The Industrial Commission was informed that he would be handling all of Navajo's claims and, thereafter referred all claims files to him. He further testified that United Transportation Adjustors was the division of Navajo Freight Lines that took care of Navajo's workmen's compensation claims from Navajo's main office in Denver. It was United Transportation Adjustors who issued Davis' benefit checks from the start. Joyce Lynch, who signed the Notice, was employed on a part-time basis by Roger Clayton to assist in processing Navajo's workmen's compensation claims.

Although from the employer's point of view the Notice of Claim Status was properly issued, Davis asserts that it did not constitute good notice to him because he had no knowledge of the change from Crawford and Co. nor had he ever heard of Joyce Lynch who signed the Notice as an authorized signer. It is the opinion of this Court, that the Notice of Claim Status was not void but was effective notice reasonably calculated to apprise Davis that his benefits were being terminated and that his remedy should he disagree was by way of a request for a hearing before the Industrial Commission within 60 days.

Both *Hart v. Bayless Investment & Trading Company*, 86 Ariz. 379, 346 P.2d 1101 (1959) and *Henningson, Durham & Richardson v. Prochnow*, 13 Ariz.App. 411, 477 P.2d 285 (1970), cited in petitioner's opening brief, are inapplicable to Notices of Claim Status. Those cases dealt with specific statutory notice requirements which were conditions precedent to the court's exercise of jurisdiction and therefore strict compliance was required. A Notice of Claim Status is issued after the Industrial Commission acquires jurisdiction over a claim and is not issued pursuant to a statute requiring a specific type of notice.

"[A]ll that is required is a notice reasonably certain to apprise those affected. . . . In the case of workmen's compensation the state has seen fit to provide for recovery through an administrative agency with quasi judicial powers. In our opinion the notice given in this case, when read by a reasonable person, would lead that person to the conclusion that if he is not satisfied with the action taken upon his claim he should request a hearing within sixty days and he could not do so thereafter. This meets the requirements of due process when considered in conjunction with the nature of the proceedings." *Saline v. Industrial Commission*, 16 Ariz.App. 204, 205, 492 P.2d 453, 454 (1972).

The June, 1973 Notice was correctly sent to Davis' attorney. Although emanating from a different location, it was clearly understood by Davis, and his attorney to be cutting off his benefits from Navajo Freight Lines. The opportunity to protest was also clear. The notice was therefore effective and any questions concerning the

authority or propriety of the actions could have been raised by a Request for Hearing filed within the 60 day limit.

■ Two additional issues were raised about the validity of the Notice. First, the copy of the Notice sent to the Industrial Commission was not accompanied by a physician's report as required by Rule 18(b) of the Industrial Commission Rules of Procedure. A memorandum of a telephone conversation with Davis' attending physician was filed with the Commission. Shortly thereafter, the physician's report was sent to the Commission. We do not find this to be a fatal defect. The physician's report confirmed the memorandum sent with the Notice of Claim Status and was consistent with the termination of benefits. This case is, therefore, distinguishable from *Roseberry v. Industrial Commission,* 113 Ariz. 66, 546 P.2d 802 (filed February 26, 1976) where the Supreme Court found a Notice of Claim Status void and without res judicata effect because the Notice was directly contrary to the physician's report regarding the appropriateness of release and termination of benefits. Any defect in Davis' Notice was cured by the subsequently filed physician's report.

■ Second, Davis argues that the acts of Navajo are ineffective due to the violation of Rule 30 of the Industrial Commission Rules of Procedure. Rule 30 requires all carriers or self-insurers who insure workers in Arizona to maintain a claims office in Arizona. Davis asserts that neither the person of Roger Clayton nor his post office box constitutes a "claims office." We disagree. The obvious intent of Rule 30 is to provide a convenient location for communications with a carrier and having a claims administrator to communicate with in Arizona with a local address is sufficient to comply with Rule 30.

## RETROACTIVE TERMINATION OF BENEFITS

■ The June, 1973 Notice of Claim Status terminated Davis' benefits for more than 30 days retroactive from the date of issuance. Such action was in violation of the clear language of Rule 18(a):

". . . any subsequent notice . . . shall not have retroactive effect for more than thirty (30) days from the date of issuance of such notice of claim status . . . ."

Had Davis requested a hearing to review this action he would have been entitled to relief. It should be noted that Davis was represented by an attorney at all times pertinent to this case. We feel that this situation is one that could be corrected only by appropriate resort to the hearing procedure specified in the Notice of Claim Status.

This situation is comparable to that presented in *Saline v. Industrial Commission,* supra, where a Notice of Claim Status failed to comply with the mandatory language of an Industrial Commission Rule requiring that a denial of a claim must specify in detail the grounds upon which it was denied. The Court held that although the Notice failed to comply with the rules the petitioner waived the defect by failing to request a hearing. See also, *Pinkerton v. Industrial Commission,* 15 Ariz.App. 275, 488 P.2d 480 (1971).

Similarly, Davis waived the violation of Rule 18(a) by failing to request a hearing before the Industrial Commission. Finally, Davis presented no reasons to justify his late filing to bring his case within the *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972) exception to the 60 day time limit for requesting a hearing.

The award is affirmed.

NELSON, P. J., and SCHROEDER, J., concur.