569 P.2d 284

Michael CARDINALE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Webcor Builders, Inc., Respondent Employer,

General Insurance Co. of America, Respondent Carrier.

No. 1 CA–IC 1520.

Court of Appeals of Arizona, Division 1, Department C.

July 21, 1977.

Rehearing Denied Aug. 31, 1977.

Review Denied Sept. 22, 1977.

Alston, Edwards, Scott & Novak, P. C. by Cecil A. Edwards, Jr., Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by John H. Lyons, Mesa, for respondents employer and carrier.

## OPINION

OGG, Judge.

In this special action we are called upon to review an award made by the Industrial Commission terminating temporary disability benefits and to determine the jurisdiction of the Commission to terminate temporary benefits more than thirty days retroactive from the date of issuance of notice of claim status by the insurance carrier.

The petitioner Michael Cardinale, on October 9, 1974, while in the employ of the respondent Webcor Builders, sustained an injury when struck in the head by a crane. He was subsequently accepted for temporary workmen's compensation benefits which he received through December 16, 1974.

On April 14, 1975, the respondent insurance carrier issued a notice of claim status finding petitioner's condition stable without permanent disability and terminating benefits retroactive to March 25, 1975. Although the record is not clear it appears the carrier had previously terminated payment of temporary compensation benefits on December 16, 1974, based upon the petitioner's failure to show up for his doctor's appointments and the inability to contact him because his phone had been disconnected. Pe-

titioner filed a timely request for hearing and on December 18, 1975, the Industrial Commission issued its decision upon hearing and award, finding petitioner's condition to have stabilized as of December 9, 1974, without permanent disability attributable to the industrial episode. This award was affirmed on review and this special action followed.

■ Petitioner presents two issues for our consideration in this review. First, he alleges that there is insufficient medical evidence to sustain the Commission's award finding his condition stationary without permanent disability as of December 9, 1974.

The record reveals that only one medical expert, Dr. Anthony Dvorak, testified at the hearing regarding petitioner's medical condition. Dr. Dvorak stated that he was petitioner's treating physician with respect to the industrial incident and that he last saw petitioner on December 9, 1974, pursuant to petitioner's failure to attend subsequent examinations. Under questioning by the hearing officer, Dr. Dvorak testified:

[Hearing Officer]

Q. Did you anticipate any further medical care after December 9?

. . . . .

[Dr. Dvorak]

A. No, only reevaluation.

* * * * * *

Q. When you last saw him, did you feel that there were any permanent residuals relative to this episode?

A. No.

■ In general, it is the duty of this court to review the factual record from the Industrial Commission in a light most favorable to sustaining the award, *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972), and this court will not disturb an award if it is reasonably supported by the evidence. *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968); *Casson v. Industrial Commission*, 24 Ariz.App. 385, 539 P.2d 189 (1975). In view of this authority it is our opinion that in the instant case there is ample evidence to support the award of the Industrial Commission finding petitioner's condition stationary as of December 9, 1974, without permanent disability. We find no error in this award.

Petitioner's second contention is that the Industrial Commission lacked jurisdiction to terminate temporary compensation benefits more than thirty days retroactive to the date of issuance of claim status by the respondent carrier. As authority for this position petitioner relies on Rule 18(a), Rules of Procedure before the Industrial Commission:

Where there has been a notice of claim status issued, which has become final, accepting a claim for benefits, any subsequent notice of claim status which changes the claimant's amount of or entitlement to compensation or medical, surgical or hospital benefits, shall not have retroactive effect for more than thirty (30) days from the date of issuance of such notice of claim status unless the subsequent notice affects the entitlement to or amount of death benefits.

Petitioner contends this rule guarantees that a workmen's claim for temporary benefits shall not be terminated more than thirty days retroactive to the issuance of notice of claim status and therefore by implication the action of the Industrial Commission finding petitioner's condition stationary and terminating temporary benefits as of December 9, 1974, exceeding the thirty day time limitation is unlawful as conflicting with the basic tenets of the rule.

Notice of claim status was issued by the respondent carrier on April 14, 1975. Accepting petitioner's contention would imply that the Industrial Commission was without authority to find petitioner's condition stable terminating temporary benefits retroactive beyond March 14, 1975. Since petitioner was paid temporary benefits only through December 16, 1974, this would theoretically entitle him to compensation between this date and March 14, 1975.

■ In our opinion petitioner has misconstrued the provisions of Rule 18(a) and

the statutory authority of the Industrial Commission in this regard. It is a universal principle of Arizona workmen's compensation law that the period of temporary disability of an injured workman ceases when his physical condition becomes stationary, and the Commission is not compelled to continue disability payments beyond that date absent a showing of permanent disability. ARS § 23–1044(A–C); *Minton v. Industrial Commission*, 90 Ariz. 254, 367 P.2d 274 (1961); *Home Insurance Co. v. Industrial Commission*, 23 Ariz.App. 90, 530 P.2d 1123 (1975); *Continental Casualty Co. v. Industrial Commission*, 23 Ariz.App. 294, 532 P.2d 869 (1975). Determination of temporary or permanent disability is a factual matter wholly within the discretion of the Industrial Commission and its findings in most cases are conclusive. *Kennecott Copper Corp. v. Industrial Commission*, 62 Ariz. 516, 158 P.2d 887 (1945).

The significant date for purposes of determining temporary workmen's compensation benefits therefore becomes the date that a workman's medical condition stabilizes; after that date a workman is statutorily no longer entitled to benefits absent a showing of permanent disability related to the industrial incident. Determination of the date of stabilization is a factual question to be resolved by the Industrial Commission subject to the broad fact finding authority of ARS § 23–941(F).

In this respect Rule 18(a) has no relevancy or application either express or implied to the function of the Industrial Commission in determining the date a claimant's condition stabilizes. Rule 18(a) by its express terms applies the thirty day retroactive limitation only to the issuance of notice of claim status by the carrier which changes or affects a workman's entitlement to compensation. The rule is intended to prevent injustice in the exercise of unilateral authority by the carrier and therefore has no application to the statutorily derived function of the Industrial Commission to set a stationary date and terminate temporary compensation benefits pursuant to an impartial evidentiary hearing. We therefore conclude that the Industrial Commission had jurisdiction to retroactively terminate petitioner's temporary benefits beyond the thirty day limitation of Rule 18(a) commensurate to its factual determination of the stationary date of petitioner's injury.

Holding as we do, we recognize a serious question with respect to petitioner's claim for temporary compensation benefits between the determined stationary date— December 9, 1974, through March 14, 1975.[1] The carrier stopped all payments on December 16, 1974, but failed to send notice of claim status until April 14, 1975.

Petitioner argues that the recent case of *Davis v. Industrial Commission*, 26 Ariz. App. 355, 548 P.2d 849 (1976), is authority for granting such benefits. We do not believe this issue was before the *Davis* court and therefore do not consider such authority as persuasive in this case.

In our opinion the hearing officer was correct in denying any further temporary benefits being paid for this period. The carrier established that petitioner's condition was stationary on December 9, 1974, which terminated all rights to any further temporary benefits. There was no showing that the petitioner was prejudiced in any manner. He was in fact paid undeserved benefits from December 9, 1974, the stationary date, until payments were stopped on December 16, 1974. Since no issue was raised by the carrier relative to this rather insignificant overpayment, we have not considered it as an issue in this case.

The award is affirmed.

FROEB, C. J., Division 1, and SCHROEDER, J., concur.

---

1. Petitioner arrives at this later date by subtracting the 30 day retroactive deduction allowed under Rule 18 from April 14, 1975, the date of the issuance of the notice of claim status.