625 P.2d 351

**INSPIRATION CONSOLIDATED COPPER CO., Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Robert C. Santa Cruz, Respondent Employee.**

**No. 1 CA–IC 2362.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 20, 1981.

Rehearing Denied Feb. 26, 1981.

Ladendorff & Ridge, P. C. by Warren C. Ridge, Phoenix, for petitioners.

Calvin Harris, Chief Counsel, The Indus. Commission of Arizona, Phoenix, for respondent.

Taylor & Kamper by Donald F. Schaar, Phoenix, for respondent employee.

## OPINION

OGG, Judge.

This special action review of an Industrial Commission award raises one issue: whether a rearrangement of disability compensation benefits at the employer/carrier's behest is effective as of the date of the change in earning capacity or as of the date the petition to rearrange was filed. The administrative law judge determined that a rearrangement is effective from the date the petition to rearrange was filed. We affirm the award for the reasons given below.

To place in perspective the undisputed facts in this case, we summarize the background of the present petition to rearrange.

On April 17, 1968, the respondent employee received an award for permanent partial disability. This award became final. On November 10, 1975, he petitioned to rearrange his disability benefits from permanent partial to permanent total disability. On September 14, 1976, an award issued, granting the petition to rearrange effective from the date of the petition. After their timely request for administrative review was denied, the petitioner employer and carrier sought appellate review of this award.

Pending this appeal, the carrier did not pay benefits under the rearrangement. The employee could not recall whether or not he ever filed an annual report of earnings during this period. The carrier had never solicited nor attempted to compel an annual report during this period. No report is of record.

The parties stipulated that as of April 1, 1977, the employee had found work and was earning in excess of his pre-injury average monthly wage. Since that time, he has had no loss of earnings attributable to the industrial accident.

This court affirmed the award of September 14, 1976, and on April 13, 1978, issued its mandate. On May 8, 1978, the carrier distributed benefits retroactive to November 10, 1975. On September 29, 1978, the employee received from the carrier a request for a report of earnings and promptly complied with the request. Shortly thereafter, on October 10, 1978, the employer and carrier petitioned to rearrange disability benefits to reflect no loss of earning capacity.

This rearrangement was granted, effective October 10, 1978—the date the petition was filed. At the administrative level and on appeal, the petitioners contended that the effective date should have been April 1, 1977—the date the employee ceased to have any loss of earning capacity.

A.R.S. § 23–1044(F)(3) provides that a permanent disability award is subject to rearrangement "[u]pon a showing that his [the injured employee's] earning capacity

has increased subsequent to such findings and award." A.R.S. § 23–1047[1] and A.C.R.R. R4–13–134, Rules of Procedure Before the Industrial Commission, set forth the procedure for filing petitions for rearrangement and the procedure for determining compensation in permanent total disability cases. None of these provisions specify the effective date of a rearrangement.

A preliminary problem is whether A.R.S. § 23–1061(H) applies to this case. That section provides in relevant part as follows:

An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, . . . No surgical benefits or monetary compensation shall be payable for any period prior to the date of filing of the petition to reopen.

As a basis for the award, the administrative law judge concluded that the prospective effective date provision of A.R.S. § 23–1061(H) applied to this rearrangement because the former A.R.S. § 23–1061(C) specified that rearrangements were to be effective prospectively only. *See* A.R.S. § 23–1061(C) (1956) (repealed Jan. 1, 1969). A reopening differs from a rearrangement both substantively, (*compare* A.R.S. § 23–1061(H) *with* A.R.S. § 23–1044(F)), and procedurally, (*compare* A.R.S. § 23–1061(I) and A.C.R.R. R4–13–133 *with* A.R.S. § 23–1047 and A.C.R.R. R4–13–134). Moreover, the current § 23–1061(H) applies only to reopenings by employees. Either an employee or an employer and carrier may petition to rearrange. We therefore disagree that the repealed section supports an inference that the current § 23–1061(H) applies to a rearrangement pursuant to § 23–1044(F)(3).[2] Although we do not

agree with the reasons given in support of the award, this court will affirm such an award if it is legally correct. *See Phelps Dodge Corp., Morenci Branch v. Industrial Commission*, 90 Ariz. 379, 368 P.2d 450 (1962); *Salt River Project v. Industrial Com'n*, 126 Ariz. 196, 613 P.2d 860 (App. 1980).

It is our opinion that the correct basis for the present award arises from the application of the doctrine of res judicata to the September 14, 1976 award of permanent total disability. Under the provisions of A.R.S. § 23–1045(B), the employee under the permanent total disability award was entitled to: "compensation of sixty-six and two-thirds per cent of the average monthly wage shall be paid during the life of the injured person." The compensation benefits of such a lifetime award can only be changed by the carrier filing a petition to rearrange under the provisions of A.R.S. § 23–1044(F)(3) and making a showing that the employee's earning capacity has increased subsequent to the last award. In this case, the carrier did not start the triggering mechanism to change the award by the filing of a petition to rearrange until October 10, 1978, and therefore the prior award of permanent total disability was valid and entitled to continuing res judicata effect until that date. It is well established law that final awards of the Industrial Commission are entitled to continuing res judicata effect until modified. *Talley v. Industrial Commission*, 105 Ariz. 162, 461 P.2d 83 (1969); *Judd v. Industrial Commission*, 23 Ariz.App. 254, 532 P.2d 196 (1975).

The petitioners argue that it is the basic policy of the Workmen's Compensation Act to compensate disabled workers during the period of the disability, and that any benefits in this case must cease as of April 1, 1977, the date the employee obtain-

1. Under the provisions of A.R.S. § 23–1047(D), any person receiving permanent compensation benefits shall report annually on the anniversary date of the award to the commission all of such person's earnings for the prior twelve month period. If the employee fails to render such a report the employer or carrier may then suspend any further payments until such report of earnings is filed.

2. Because the respondent does not contend that A.R.S. § 23–1073 requires the application of the former § 23–1061(C) to this rearrangement, we do not reach this issue.

ed employment at a wage exceeding his pre-injury earnings. Petitioners rely upon the wording of A.R.S. § 23–1044(C), which limits benefits to such time as "the disability ends." Petitioners further rely upon the wording of A.R.S. § 23–1045(A), which limits benefits "during the period of disability." In our opinion, these statutory provisions are not applicable to this case where there was an award of permanent total disability. A.R.S. § 23–1044(C) applies only to permanent partial disability awards, and A.R.S. § 23–1045(A) applies only to temporary total disability awards.

For the reasons stated herein, the award is affirmed.

O'CONNOR and HAIRE, JJ., concur.