653 P.2d 369

**Stephen Y. FELKER, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Ancrona Corporation, Respondent Employer,**

**General Insurance Company of America, Respondent Carrier.**

**No. 1 CA-IC 2554.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 19, 1982.

Rehearing Denied Sept. 28, 1982.

Review Denied Oct. 26, 1982.

Tretschok, McNamara & Clymer, P.C. by Brian I. Clymer, Tucson, for petitioner employee.

Everett, Bury & Moeller, P.C. by J. Michael Moeller, Tucson, for respondent employer and respondent carrier.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent The Indus. Com'n of Arizona.

OPINION

HAIRE, Judge.

At issue in this review of an award entered by the respondent Commission is the

interpretation of A.R.S.. § 23–1061(M) which provides in part:

"If the insurance carrier or self-insurer does not issue a notice of claim status denying the claim within twenty-one days from the date the carrier is notified by the commission of a claim or of a petition to reopen, *the carrier shall pay immediately, compensation as if the claim were accepted,* from the date the carrier is notified by the commission of a claim or petition to reopen until the date upon which the carrier issues a notice of claim status denying such claim. As used in this subsection, 'compensation payable' includes medical, surgical and hospital benefits. This section shall not apply to cases involving seven days or less of time lost from work." (Emphasis added).

Claimant allegedly suffered an injury in April 1979 and filed a workman's report of injury in August 1979. The carrier was notified on October 4, 1979 but did not issue a notice of claim status within 21 days as required by A.R.S. § 23–1061(M). In February 1980 claimant requested a hearing pursuant to A.R.S. § 23–1061(J) to determine why compensation had not been paid. Such a hearing was scheduled for April 1980, but in the meantime, the respondent carrier issued a notice of claim status on March 12, 1980 denying benefits. The claimant protested the notice and requested a hearing on the issue. A consolidated hearing was held on May 19, 1980 which also dealt with the compensability of a prior injury. The administrative law judge issued a decision on May 30, 1980 finding that claimant did not sustain the injuries claimed by accident arising out of and in the course of his employment with the defendant employers. Nonetheless, the administrative law judge found that pursuant to A.R.S. § 23–1061(M) claimant was entitled to medical, surgical and hospital benefits and temporary disability compensation, as provided by law, for the second injury from the time the carrier was notified of the claim until the date it issued a notice of claim status.

The carrier thereafter took the position that claimant was only entitled to medical benefits during the stated period and not to compensation benefits because he was not disabled. A hearing was held at claimant's request pursuant to A.R.S. § 23–1061(J) at which claimant's only evidence relating to disability was claimant's testimony that he did not work during the period of time in question. It was claimant's position that the penalty provision of A.R.S. § 23–1061(M) was one of strict liability and that the carrier was liable for temporary compensation benefits during the penalty period without any showing by claimant that he was disabled during that period of time. The administrative law judge found that compensation benefits under A.R.S. § 23–1061(M) were dependent upon a showing by the claimant of loss of earning capacity, just as in any other workmen's compensation case. Since claimant had not shown that he suffered a loss of earning capacity during the time in question or that if such a loss existed, that it was causally related to the alleged industrial injury, the administrative law judge ordered that the claimant take nothing as and for compensation benefits. The decision was affirmed on administrative review and this special action followed.

The first issue for our consideration is whether a claimant must prove a loss of earning capacity causally related to the alleged industrial injury in order to receive temporary disability benefits pursuant to A.R.S. § 23–1061(M). That section provides that if the carrier does not timely issue a notice of claim status, the carrier shall immediately pay compensation "as if the claim were accepted." Thus, the injured worker is entitled to medical benefits and disability compensation in the same manner as if the carrier had issued a notice of claim status accepting the claim.

When a claim is accepted by the carrier, a claimant is entitled to temporary disability benefits if he has suffered a loss

of earning capacity. A.R.S. § 23–1044(A).[1] The burden of proof is on the claimant to show a loss of earning capacity. *Reynolds Metals Company v. Industrial Commission,* 119 Ariz. 566, 582 P.2d 656 (App.1978). If the carrier does not voluntarily pay temporary disability benefits, the claimant's remedy is to seek a hearing pursuant to A.R.S. § 23–1061(J), at which time it will be his burden to show a loss of earning capacity. Therefore, under § 23–1061(M), the claimant must also show a loss of earning capacity before he is entitled to temporary disability benefits.

Claimant relies on *Kasprowiz v. Industrial Commission,* 14 Ariz.App. 75, 480 P.2d 992 (1971), *appeal after remand,* 20 Ariz. App. 116, 510 P.2d 427 (1973), and *Neitman v. Industrial Commission,* 20 Ariz.App. 53, 510 P.2d 52 (1973), which required that the carrier provide compensation when it did not timely file a notice of claim status. We note that those cases were both decided before the effective date of the current A.R.S. § 23–1061(M). Furthermore, those cases did not address the issue of the amount of compensation to which the claimant was entitled or whether claimant had met his burden of proof to entitle him to temporary disability benefits.

Claimant next contends that even if he is required to show a loss of earning capacity, he met that burden of proof in the proceedings below. In determining whether the claimant has suffered a loss of earning capacity, the claimant must demonstrate a reasonable effort to secure employment in the area of his residence. When the testimony discloses that such a reasonable effort was made, the burden is then on the employer and carrier to show the availability of suitable employment. *Employers Mutual Liability Insurance Company of Wisconsin v. Industrial Commission,* 25 Ariz.App. 117, 541 P.2d 580 (1975). If the claimant fails to prove he has made a good faith and reasonable effort to find other work, the burden does not shift to the employer, in the absence of other appropriate evidence, *Franco v. Industrial Commission,* 130 Ariz. 37, 633 P.2d 446 (App.1981).

In this case, claimant's only testimony on the subject was that he did not work during the period of time in question. That alone does not show a loss of earning capacity.

Having found no error, the award is affirmed.

EUBANK and CONTRERAS, JJ., concur.

1. This subsection provides:

"For temporary partial disability there shall be paid during the period thereof sixty-six and two-thirds percent of the difference between the wages earned before the injury and the wages which the injured person is able to earn thereafter. Unemployment benefits received during the period of temporary partial disability shall be considered wages able to be earned."