664 P.2d 699

**Earl G. McCORMICK, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Transcontinental Drilling Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 2820.**

Court of Appeals State of Arizona, Division 1, Department C.

March 8, 1983.

Rehearing Denied April 26, 1983.

Review Denied June 10, 1983.

Rabinovitz & Dix, P.C. by David M. Waterman, Bernard I. Rabinovitz, Tucson, for petitioner employee.

James A. Overholt, Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix by W. Smith Michael, Jr., Tucson, for respondents Employer and Carrier.

## OPINION

JACOBSON, Presiding Judge.

The sole legal issue presented by this special action review of an Industrial Commission award is whether permanent disability benefits properly suspended under A.R.S. § 23–1047(D) should have been retroactively reinstated when the claimant submitted an annual report of income. The administrative law judge denied retroactive reinstatement and reinstated benefits from the date of compliance. We affirm the award.

The facts which were stipulated were that on March 26, 1975, the petitioner employee was awarded permanent partial disability benefits. He submitted annual reports of income until 1981. On August 24, 1981, following two requests for annual reports the respondent carrier suspended payment of further benefits for failure to submit an annual report of income. On September 16, 1981, the petitioner employee submitted the annual report. The respondent carrier reinstated benefits effective the date of compliance, September 16, 1981.

The petitioner employee requested a hearing to challenge the effective date of the reinstatement. The matter was submitted upon the stipulated facts, and the administrative law judge issued the award denying retroactive reinstatement. The award was affirmed on administrative review, and this Special Action-Industrial Commission followed.

The controlling statute is A.R.S. § 23–1047(D), which provides:

D. Any person receiving permanent compensation benefits shall report annually on the anniversary date of the award to the self-insured employer or insurance carrier all of his earnings for the prior twelve-month period. In the event the person fails to make such report the self-insured employer or insurance carrier shall notify the person that such report has not been received and that payment of further benefits will be *suspended* unless such report of earnings is filed within thirty days. After thirty days has elapsed from the date of such notice, the self-insured employer or insurance carrier may issue a notice to the person *suspending payment of further benefits and no further payments need be made until such report of earnings is filed.*

(Emphasis added).

On appeal, the petitioner employee argues that subsection 1047(D) is ambiguous because the term "suspend" may be reasonably interpreted to mean either a temporary cessation or a mere deferral until compliance with specific conditions. He further argues that this court should interpret the ambiguous term to mean a mere deferral because this interpretation would insure adequate enforcement of the reporting requirements, yet avoid a forfeiture. In addition, he argues that this liberal interpretation is consistent with the remedial purposes of the Workers' Compensation Act.

Admittedly, the dictionary definition of "suspend" gives alternative definitions, and therefore, the term "suspend" when con-

sidered in isolation is ambiguous. *See* Webster's Third New International Dictionary 2303 (unabridged 1969).[1]

In subsection 1047(D), however, the term "suspend" is not used in isolation. That subsection provides that after suspension of benefits "no further payments need be made until such report of earnings is filed." A.R.S. § 23–1047(D). The petitioner's argument ignores this language. This additional language necessarily indicates that the term "suspend" means a temporary cessation, not a mere deferral of benefits.

Moreover, the petitioner's argument that a deferral is adequate to enforce the reporting requirement is logically defective. A claimant's annual report of earnings permits the compensation carrier to assess his current earning capacity. If the earning capacity has increased, the carrier may petition to rearrange permanent disability benefits. *See* A.R.S. § 23–1044(F). The rearrangement, however, is only effective from the date the petition is filed. *See Inspiration Consol. Copper v. Indus. Com'n.,* 128 Ariz. 288, 625 P.2d 351 (App.1981). Accordingly, if suspended benefits are retroactively reinstated, a claimant whose earning capacity had increased during the reporting year could forego reporting for a period of years, then report and receive a windfall of benefits to which he was not entitled, because no intervening petition for rearrangement had been filed. Moreover, we do not perceive the result reached here to be "harsh," since the carrier may only invoke the suspension provision of A.R.S. § 23–1047(D) after giving notice of the failure to file and affording the claimant thirty days to rectify the failure. In this case two such notices were given before resort to suspension was instituted.

We therefore conclude that the term "suspend" in subsection 1047(D) means a temporary cessation of compensation benefits. The administrative law judge correctly denied retroactive reinstatement of benefits following the petitioner employee's compliance with the reporting requirement.

Award affirmed.

BROOKS and OGG, JJ., concur.

---

1. The dictionary definition of "suspend" includes: to cause ... to cease for a time; ... to defer till later; ... to hold in an undetermined or undecided state awaiting fuller information....