664 P.2d 649

**Donald PAYNE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Pima County, Respondent Employer,**

**Home Insurance Company, Respondent Carrier.**

**No. 16428–PR.**

Supreme Court of Arizona, In Banc.

May 4, 1983.

Rehearing Denied June 14, 1983.

Bury & Moeller, P.A. by Marshall Humphrey III, J. Michael Moeller, for respondent employer-carrier.

Tretschok, McNamara & Clymer, P.C. by Dale D. Tretschok, Tucson, for petitioner.

CAMERON, Justice.

We granted the petition of Donald Payne to review the opinion and decision of the Court of Appeals which affirmed the Industrial Commission in denying claimant's petition to reopen. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

Although the Court of Appeals considered multiple issues, we accepted review to consider only one question, and that is whether there was sufficient evidence upon which a prior claim should be reopened pursuant to A.R.S. § 23–1061(H).

The facts necessary for a determination of this matter on appeal are as follows. On 17 January 1976, claimant injured his left knee in an industrially related accident. Surgery in the form of a meniscectomy (the excision of a knee joint cartilage) was performed, and after follow up visits, the treating physician, Dr. Warren D. Eddy, an orthopedic surgeon, on 16 August 1977 discharged the claimant from medical care with no permanent impairment. On 9 September 1977, the carrier issued a notice of claim status terminating temporary compensation. The claimant was told by his physician that the knee would get better. Also, he did not experience any problems other than stiffness at that time, and the notice of claim status was not protested. Seven months later, on 22 April 1978, claimant reinjured his knee. As a result of this injury, the claimant underwent additional surgery. After the surgery, claimant had pain, stiffness and swelling in the knee joint.

The claimant was seen in a group evaluation on 3 October 1980 by Jon B. Wang, M.D., James H. Levi, M.D., John P. Utz, M.D., and J. Wright Cortner, M.D. The evaluation committee came to the following conclusions:

It is the group's feeling that Mr. Payne can be rated with a permanent partial physical impairment of the left knee as follows: (1) 10% for the injury of 1976 and resultant surgery of 1977; (2) 10% from the injury of 4/22/78, for a total of 20% permanent partial physical impairment of the left lower extremity secondary to previous industrial injuries.

The carrier, relying on this report, issued a notice of claim status terminating temporary compensation for the 1978 injury and awarding a scheduled disability of 10% based upon this report. The claimant filed a request for hearing, as well as a petition to reopen the first claim.

At that hearing, Dr. Eddy testified:

Q: OK. Dr., from what I understand, you are saying while you are not changing your opinion in connection with the report that you have been speaking about at some length, you are also saying that it is not totally repugnant for you to have somebody else come along and find a disability now at this point based upon basically the same conclusions, and somebody who treated and continued to evaluate the patient?

Dr. Eddy: No. I just think it is kind of a toss-up. I am merely saying that I think that what I know today, had I known that four or five years ago when this report was authored, I have a feeling that I would have awarded him disability.

\* \* \* \* \* \*

Mr. Humphrey: You are talking about a philosophical difference?

Dr. Eddy: That is right, because of experience and because of literature experiences—experiences of other doctors, I, today—if you gave me Mr. Payne for the first time today, and I examined his knee and found what I found then, I'd probably still award him a disability.

But based on my knowledge at that time I didn't award him a disability because that wasn't my feeling at that time.

The administrative law judge, evidently relying upon the testimony of Dr. Eddy, found:

In Claim No. 1 it would appear that the applicant is attempting to reopen his claim on the basis that the group consultants attributed 10% of their overall 20% rating of impairment to the 1976 industrial episode. All of the doctors testifying regarding this issue explained that any difference in rating this type of injury and surgical intervention is a philosophical difference only. A philosophical difference of opinion as to how the applicant's claim should have been closed is not a legitimate basis for reopening it. A reopening must be on medical findings of an impairment or disability and not on the basis of a new opinion that such existed when the case was originally closed. (Citations omitted.)

From the decision of the administrative law judge, the claimant appealed to the Court of Appeals which affirmed the administrative law judge, *Payne v. Industrial Commission of Arizona, et al.,* 136 Ariz. 121, 664 P.2d 655 (1982), and we granted review.

At the outset, we note that the Court of Appeals in its opinion relied heavily on the case of *Reddel v. Industrial Commission,* 131 Ariz. 263, 640 P.2d 194 (App.1981). In *Reddel,* a notice of claim status terminating temporary compensation and determining that the industrial injury (to a foot) caused no permanent disability was not protested and thus became final. Later the claimant suffered a second industrial injury to the same foot which was ultimately closed with a permanent impairment. Because the prior injury claim had been closed without permanent impairment, the disability from the second injury was classified as scheduled. The claimant's physician testified that the medical report discharging claimant without permanent impairment was a mistake resulting from a secretarial error. The court in *Reddel* held that the closing of the first claim was final and could not be contradicted. Accordingly, it affirmed an award of scheduled disability benefits for the second injury.

We believe that the Court of Appeals in this case is mistaken in its reliance on *Reddel.* The question whether the first award should be reopened was not an issue in *Reddel,* supra; rather, claimant tried to attack the first award collaterally. The court

correctly held in the second injury determination that the parties were bound by a previous injury award closed without protest. *See Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969). In the instant case, unlike the situation in *Reddel,* supra, the claimant is seeking to reopen the previous claim based on newly discovered evidence, pursuant to the statute which states:

> H. An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition * * *. A.R.S. § 23–1061(H).

Subsection (H) provides for an exception to the conclusive effect of an unprotested notice when the claimant has a new, additional, or a previously undiscovered condition. *Calixto v. Industrial Commission,* 126 Ariz. 400, 616 P.2d 75 (App.1980).

 We agree with the administrative law judge that where the cause of an accident is not readily apparent to a claimant, the physical condition of the claimant must be determined by expert medical testimony, *McNeely v. Industrial Commission,* 108 Ariz. 453, 501 P.2d 555 (1972), and that the claimant must establish that to a reasonable medical probability. *Breidler v. Industrial Commission,* 94 Ariz. 258, 383 P.2d 177 (1963). We disagree, however, with the administrative law judge and the Court of Appeals that in the instant case the change in rating is based upon a mere "philosophical" difference. We believe the board made a finding to a reasonable degree of medical probability that the claimant suffered a 20% permanent impairment as the result of both injuries. As to the first injury, this was newly discovered evidence upon which the claimant could rely. It is immaterial that one doctor and the administrative law judge characterized this new evaluation as based upon a philosophical difference. The fact is the group found a 20% impairment—10% from the first injury and 10% from the second injury. The administrative law judge accepted these findings and based his decision as to the second injury upon such findings. The administrative law judge then rejected the same findings in denying the request for a reopening. Having relied upon the finding of the evaluation group as to the second injury, the administrative law judge may not then ignore these same findings in rejecting the petition for reopening.

 The first time that the claimant knew that he had a permanent disability as a result of the first injury was when he was examined by the evaluation panel. He was entitled to rely on this newly discovered evidence just as he had previously relied on the report of the treating physician after the first injury when he went back to work and commendably tried to make the best of the situation. The finding of a 10% loss of function as a result of his first injury is a newly discovered fact upon which a reopening may be based.

The decision of the Court of Appeals is vacated, and the award set aside.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.