770 P.2d 1177

**UNIVERSITY OF ARIZONA, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Martha Figueroa, Respondent Employee.**

No. 2 CA–IC 88–0034.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 20, 1988.

Reconsideration Denied Feb. 1, 1989.

Review Denied April 25, 1989.*

---

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

132

Christopher E. Kamper, Chief Counsel by Smith Michael, Tucson, for University of Arizona and State Compensation Fund.

Gilbert Gonzalez, Tucson, for respondent employee.

1. A.C.R.R. R4–13–118(A) (Rule 18(A)) provides: Where a notice of claim status accepting a claim for benefits has become final, any subsequent notice of claim status which changes the claimant's amount of or entitlement to compensation or medical, surgical or hospital benefits, shall not have retroactive effect for

OPINION

HATHAWAY, Judge.

In this special action, we are called upon to review an award made by the Industrial Commission of temporary disability and medical benefits to respondent employee.

Petitioner, State Compensation Fund, issued a notice of claim status on August 6, 1987, which stated that the effects of a December 9, 1983, work injury were stationary as of July 31, 1987, with permanent impairment. A hearing was held at employee Figueroa's request. The only medical testimony was by her treating physician, who stated that Figueroa's medical status was stationary in October 1986.

The Administrative Law Judge (ALJ) entered a decision upon hearing, findings and award in which he found that Figueroa had become medically stationary in October 1986. He also found that the retroactivity limit of Industrial Commission Rule 18(A)[1] precluded termination of benefits more than 30 days before the notice of claim status issued August 6, 1987. He therefore awarded medical benefits from April 27, 1984, the date the claim was reopened to July 7, 1987.

Petitioners challenge the application of Rule 18(A) and argue that benefits should have been terminated as of October 1986, when Figueroa had become medically stationary. We disagree and affirm the award.

Workers' compensation laws should be liberally construed to further the principle of placing the burden of death and injury on industry, not the individual worker. *Pottinger v. Industrial Commission*, 22 Ariz.App. 389, 527 P.2d 1232 (1974).

Insurance carriers have unilateral power to issue notices determining temporary disability. Corresponding to that pow-

more than thirty (30) days from the date of issuance of such notice of claim status unless the subsequent notice affects the entitlement to or amount of death benefits. The Commission may for good cause relieve the carrier of the effect of this Subsection.

er is the responsibility to issue notices properly. *Honeywell, Inc. v. Litchett,* 146 Ariz. 328, 705 P.2d 1379 (App.1985). In *Honeywell,* the court stated:

> Rule 18(A) reinforces this responsibility only if it preserves the preexisting formal disability status. The disability status provided by the last effective notice continues despite an actual change in disability. This formal status may be changed only by another notice of claim status, but this subsequent notice is subject to the retroactivity limit.

Id. at 332, 705 P.2d at 1383.

█ The last effective notice prior to the one issued August 6, 1987, had respondent employee in a temporary disability status. As in *Honeywell,* even though Figueroa's actual disability status changed in October 1986, when she became medically stationary, the disability status in the prior effective notice continues, the formal disability status can only be changed by a subsequent notice of claim status which is subject to the retroactivity limit. The notice of August 6, 1987, was such a subsequent notice, and the ALJ properly applied the provisions of Rule 18(A).

We find petitioner's reliance on *Cardinale v. Industrial Commission,* 116 Ariz. 342, 569 P.2d 284 (App.1977), misplaced. That case stands for the proposition that the Industrial Commission has the jurisdiction to retroactively terminate benefits beyond the 30–day limitation of Rule 18(A). Here the ALJ specifically found that there was no good cause shown to exercise that jurisdiction and relieve the carrier of the rule's effect.

In *Cardinale,* the carrier terminated benefits on December 9, 1974, stopped all payments on December 16, 1974, but failed to send a notice of claim status until April 14, 1975. The employee was attempting to obtain benefits for the period from December 16, 1974 through March 14, 1975, 30 days prior to the notice of claim status. The court recognized that the employee's claim presented a "serious question." The court noted that the carrier had established that the employee's condition was stationary on December 9, 1974, which terminated

his statutory right to any further benefits. The court specifically found that "[t]here was no showing that the [employee] was prejudiced in any manner." Id. at 345, 569 P.2d at 287.

Here the employee would be prejudiced if the carrier's position were adopted. She incurred medical expenses subsequent to October 1986, for which she expected coverage. In *Cardinale,* no benefit overpayment refunds were sought. There was no prejudice to the claimant as in the instant case.

After that date her medical condition stabilized and she was no longer statutorily entitled to medical benefits. Cardinale, supra. However, she was not aware of that fact and continued to be treated by her doctor. A timely notice of claim status from the carrier could have terminated her medical benefits at that time. The carrier failed to properly monitor the employee's progress and was therefore late in notifying her of the change in her status.

The final sentence of the rule, added subsequent to *Cardinale,* provides that the ALJ can relieve the carrier of the 30–day limitation for "good cause." Good cause for relief from the rule does not exist in the instant case. Indeed, the rule effectively protects the claimant from the hardship of required repayment of benefits innocently received.

The employee was unaware that payment for any medical treatment she received after October 1986, would be contested by the carrier. "The rule is intended to prevent injustice...." 116 Ariz. at 345, 569 P.2d at 287. Failing to apply the rule would work an injustice.

AWARD AFFIRMED.

LIVERMORE, P.J., and HOWARD, J., concur.