309 P.2d 793

Loyd DAVIS, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA and W. J. Henson & J. C. Henson, Respondents.

No. 6282.

Supreme Court of Arizona.

April 16, 1957.

———◆———

Joseph H. Morgan, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent The Industrial Commission of Arizona, Robert K. Park, Phoenix, of counsel.

WINDES, Justice.

Loyd Davis, hereinafter designated petitioner, sustained injury to his back by accident arising out of and in the course of his employment. His claim for workmen's compensation was regularly processed and upon medical advice corrective surgery was performed on March 19, 1954, for the purpose of effecting spinal fusion. The following November a board of doctors recommended that petitioner discard his brace within ten days and increase his activities for 30 days when he could return to light work, anticipating a return to regular employment in 60 or 90 days thereafter. In March, 1955, a consulting board of doctors reported that in its opinion petitioner's condition was stationary; that no further treatment was required; and that he had not to exceed 25 percent physical functional disability. Findings were made in harmony with the doctors' report, and pending determination of earning power, the Industrial Commission continued temporary partial disability, reserving jurisdiction to make further findings as may be indicated by evidence. On November 3, 1955, a hearing was had to determine petitioner's earning capacity. As a result of this hearing, on January 5, 1956, the commission, so far as material before this court, found that petitioner's condition was stationary with physical functional disability of not to exceed 25 percent; that he was physically and mentally able to perform the duties of a guest ranch caretaker or handyman or similar duties of a like nature; that he might reasonably be expected to earn $190 per month; that he sustained a 54.70 percent loss of earning capacity; and made award of compensation accordingly.

Rehearing was granted and prior to such hearing the commission ordered further investigation to determine the physical condition of petitioner. At the request of the commission a consulting board consisting of Drs. Stanford Hartman, Thornton Pfeil, J. M. Greer and James R. Moore, medical advisor, examined petitioner and reported

there was strong doubt as to the solidarity of the previous fusion and that refusion was indicated. These four doctors testified at the hearing. Dr. Greer said in effect that he examined the patient and additional x-rays; that his present condition was not stationary; that to correct his difficulty another spinal operation was necessary; that if successful it would lessen his disability; and that without a solid fusion as a laborer he would not be able to carry on even moderate light work or perform duties which require back bending or lifting. All doctors agreed upon necessity for another operation before a cure or improvement were to be accomplished and that now his condition was not stationary. Not one of them was able to give an opinion as to permanent percentage of physical functional disability. Drs. Pfeil and Moore agreed with Dr. Greer that the patient could not do moderately light work. The opportunity for additional surgery was offered petitioner but since the doctors could not give any assurance of success, he decided to refuse to undergo the operation. In accordance with the principles announced by us in Hamlin v. Industrial Commission, 77 Ariz. 100, 267 P.2d 736, the commission does not contend he was required to submit to the operation.

After the initial hearing for the purpose of determining earning capacity but before the rehearing, the commission made an investigation of seven guest ranches concerning the duties and salary of a caretaker or handyman. The duties vary somewhat at the different ranches but generally they consist of maintenance and repairs, care of lawn and swimming pool and other duties required in the upkeep of a ranchhouse, occasionally loading and unloading guests' baggage and accompanying guests on slow riding parties.

The commission in its decision on rehearing affirmed the previous findings and award and recognized that the board of consultants reported that refusion was indicated. Petitioner seeks review by certiorari of the award.

The problem of determining the future earning capacity of a disabled man involves a certain amount of indefiniteness. The object is to determine as near as possible whether in a competitive labor market the subject in his injured condition can probably sell his services and for how much. To support a finding in this respect the commission must have evidence that will at least demonstrate the reasonableness of the determination made. There must be something that will justify the conclusion that he is able to perform the services which are used as a basis for measuring earning capacity. In the light of the medical evidence alone, we are unable to detect any rational basis for determining that petitioner can secure or can successfully perform the kind of work that the commission has used as a

basis for deciding that he is in the future capable of earning $190 per month. All the medical evidence indicates otherwise. The only clue with any indication of his ability to perform these services is a statement petitioner made at the initial hearing before he knew of the failure of the operation that if he could secure such employment, he was willing to try and might be able to do it. This is entirely inadequate to freeze a man with his ailment to a future earning power for this class of work when the doctors concede he cannot even do moderately light work. The only kind of gainful occupation he was ever able to follow was that of common laborer and ranch worker. We do not mean to say the undisputed evidence necessarily compels a total permanent disability rating but in determining a partial disability, there must be some evidence that the man is able to adequately perform the services in the classification prescribed.

When the commission affirmed its initial award it found in effect refusal was indicated. Initially and on rehearing they were in effect dealing with two different and distinct conditions but gave petitioner the same treatment uninfluenced by the admittedly worsened condition.

The award is set aside.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.