488 P.2d 49

**INSURANCE COMPANY OF NORTH AMERICA, Petitioning Carrier,**

**Stearns-Roger Corporation, Petitioning Employer,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Edward Francis Argust, Respondent Employee.**

**No. 1 CA–IC 508.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 7, 1971.

Rehearing Denied Sept. 30, 1971.

**236**

Shimmel, Hill & Bishop, P. C., by Merton E. Marks, Phoenix, for petitioners.

Charles M. Brewer, and James D. Lester, Phoenix, for respondent employee.

William C. Wahl, Jr., Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

EUBANK, Judge.

We granted our writ of certiorari to review the lawfulness of an award made by the respondent The Industrial Commission on June 19, 1970, determining that, as a result of an industrial accident on September 14, 1964, respondent-employee Argust had sustained a 100% loss of earning capacity.

The facts are that Argust was injured, suffering from an acute strain of the muscles of the right lumbosacral area of his back, while employed by petitioner-employer as a steelworker on September 14, 1964. A laminectomy was performed on February 25, 1965, and his condition was determined to be "stationary" on March 16, 1966. An award was made in March 1966 finding that Argust had sustained a 15% general physical functional disability as a result of the accident, granting him compensation while on partial temporary status, and reserving the determination of loss of earning ca-

pacity for a later time. Eventually two hearings on Argust's loss of earning capacity were held in Tucson on March 16, 1967 and on August 27, 1968, with all parties represented and actively participating in the hearings. On June 19, 1970, the Commission entered its award upon rehearing finding that Argust had suffered 100% loss of earning capacity resulting from his industrial injury.

The petitioner contends that the award must be set aside because,

"The said award is unjust, unlawful and contrary to the evidence for the reason that the evidence shows that Respondent has the capacity to earn at least $250.00 per month. His apparent inability to work and apparent total loss of earning capacity are not the result of the industrial accident in question, but the result of his negative attitude, refusal to cooperate in securing employment which he is capable of performing, and his refusal to be gainfully employed at employment which was offered to him."

■ Our review of the record does reveal evidence supporting the petitioners' contention, however, as countered by Argust and the Commission, the record also reveals evidence supporting the award. On review all inferences to be drawn from the evidence must be drawn in favor of sustaining the award of the Commission, Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968), and we need only determine whether there is competent testimony and evidence to support the award in order to affirm the award. Treadway v. Industrial Commission, 69 Ariz. 301, 213 P.2d 373 (1950). Further, where there is a conflict in the evidence, we will sustain the findings of the Commission. Malinski, supra.

■ As Argust points out in his brief, the basic question on appeal is really whether or not there is any reasonable evidence in the record to support the award. The record reveals that there is reasonable evidence to support it and we therefore must affirm the award.

Without going into great detail, the petitioners' main complaint is that Argust was offered a physically easier job than steelwork under a rehabilitation program which he refused to accept. The evidence, and inferences to be drawn from it, do not show such a job offer or rejection. It shows one meeting and discussion held between Argust, a representative of the State Division of Vocational Rehabilitation and representatives of Quebedeaux Chevrolet of Tucson, which explored the possibilities for a job or training opportunity for Argust. All the testimony of those involved agreed that no job was ever offered Argust. On the other hand, the record supports Argust's testimony of continuous and disabling pain resulting from the injury to his back since the operation. In addition, the only medical evidence introduced at these hearings established that Argust's complaints of pain were supported by objective medical evidence and recent X-rays revealed that his physical condition was growing progressively worse, rather than improving, with the passage of time. The petitioners' allegation relating to Argust's earning capacity being at least $250 per month is based primarily on the alleged Quebedeaux job offer. As we have stated, the record reveals no such job offer; consequently, no such earning capacity is established by that incident. The other evidence relating to earning capacity is in the abstract and does not relate directly to Argust's physical condition and limitations imposed upon him by his disability. Such evidence is certainly not binding on the Commission.

The Supreme Court in Davis v. Industrial Commission, 82 Ariz. 173, 309 P.2d 793 (1957), said that the object of determining earning capacity is to determine as nearly as possible whether in a competitive labor market the claimant, in his injured condition, can sell his services, and if so, for how much. The Court also said that the evidence must demonstrate the reasonableness of the determination made by the Commission. In a later case the Court noted that the burden of proof was on the claimant to establish his inability to work, Bierman v. Magma Copper Co., 88 Ariz. 21, 352 P.2d 356 (1960); while in Womack v. Industrial Commission, 3 Ariz.App. 74, 412 P.2d 71 (1966), we held that the uncontradicted testimony of the claimant that he suffered a 100% loss of earning capacity, which was corroborated by other evidence, was sufficient to establish the necessary burden of proof. Finally, in Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 270 P.2d 794 (1954), our Supreme Court noted that the cause of unemployment was an inference necessarily drawn from the evidence in the record before the Commission.

Applying these rules to the record, it is our opinion that the evidence constitutes a reasonable basis for the award of the Commission.

Award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.