551 P.2d 554

**Paul C. DEAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**A–I Cabinet Shop, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 12276–PR.**

Supreme Court of Arizona,
In Banc.

June 30, 1976.

Gorey & Ely by Joseph M. Bettini, Stephen L. Weiss, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Courtney L. Varner, Phoenix, for respondents employer and carrier.

STRUCKMEYER, Vice Chief Justice.

This writ of certiorari is to review the sufficiency of evidence supporting an award by the Industrial Commission of Arizona that petitioner's loss of earning capacity was 32.37 percent. The Court of Appeals affirmed. We accepted review. Opinion of the Court of Appeals, 24 Ariz. App. 214, 537 P.2d 599 (1975), vacated, and the award of the Industrial Commission set aside.

On June 12, 1970, petitioner was employed by A-1 Cabinet Shop as a cabinetmaker trainee. While lifting a cabinet he sustained an injury to his lower back diagnosed as a lumbosacral strain. Surgery was required, and after petitioner's condition became stationary the Commission entered an award for a ten percent general physical functional disability with a 32.37 percent reduction in earning capacity attributable thereto. A.R.S. § 23–1044(C).

At a hearing on this matter, evidence was presented that petitioner could return to his previous work, or could obtain employment as a janitor or as a pest control serviceman. The hearing officer apparently based his determination of petitioner's decreased earning capacity on the assumption that he could obtain the pest control position, for the adjusted wage of that job, $400.00 per month, is exactly 32.37 percent less than the average monthly wage of $591.45 which petitioner was earning at the time of his industrial injury.

The sole issue for determination is whether there was sufficient evidence to support the award.

The rule has been enunciated that once a claimant has shown reasonable efforts to secure suitable employment in the area of his residence, the burden shifts to the opposing party to show the availability of such employment. *Davis v. Industrial Commission*, 16 Ariz.App. 535, 494 P.2d 735 (1972); *Meadows v. Industrial Commission*, 12 Ariz.App. 114, 467 P.2d 954 (1970); 2 Larson's Workmen's Compensation Law, § 57.61, pp. 10–138 to 10–139. In the instant case, petitioner testified that he had applied to numerous companies for cabinetmaking work but was unanimously refused employment. He obtained his present employment as a floor-waxing and cleaning machine operator with Sanitas, Inc. through Arizona Employment Service at a salary of approximately $300.00 per month. This was sufficient to place the burden of showing the availability of other employment on respondents.

Respondents' evidence only established that petitioner was qualified to be a pest control serviceman. That is, the duties of the job were commensurate with his limited educational and technical training and with the physical restrictions resulting from his injuries.

We have repeatedly held:

"\* \* \* in determining the percentage of disability the commission should consider not only the actual impairment of the physical and mental capacity of the injured person to do work, but whether and to what extent his injury is likely to deprive him of the ability to secure the work which he might do if he were permitted to attempt it." *Ossic v. Verde Central Mines*, 46 Ariz. 176, 191, 49 P.2d 396, 402 (1935). *See* e.g., *Sproul v. Industrial Commission*, 91 Ariz. 128, 370 P.2d 279 (1962); 2 Larson, supra, at 10–130 to 10–133.

because

"[t]he object is to determine as near as possible whether in a competitive labor market the subject in his injured condition can probably sell his services and for how much. To support a finding in this respect the commission must have evidence that will at least demonstrate the reasonableness of the determination made." *Davis v. Industrial Commission*, 82 Ariz. 173, 175, 309 P.2d 793, 795 (1957). *See* e.g., *Magma Copper Company v. Industrial Commission*, 96 Ariz. 341, 395 P.2d 616 (1964); *Sproul v. Industrial Commission*, supra; *Timmons v. Industrial Commission*, 83 Ariz. 74, 316 P.2d 935 (1957).

The evidence fails to show that petitioner would be successful in obtaining a pest control position. Material evidence to show, with reasonable certainty, that a claimant could secure a position would include, but is not limited to, the competition for available positions, *Hughes v. Industrial Commission*, 3 Ariz.App. 51, 411 P.2d 474 (1966), and the likelihood that employers will hire someone with a previous disability although he is now fully qualified to perform the work. Without any evidence in this regard, the Commission's finding is unreasonable.

The award is set aside.

CAMERON, C. J., and HAYS, HOLOHAN, and GORDON, JJ., concur.