139 Ariz. 182 (1984)
677 P.2d 1290
Julia M. MACIAS, Petitioner,
v.
The INDUSTRIAL COMMISSION OF ARIZONA, Respondent, St. Luke's Hospital, Respondent Employer, Travelers Indemnity Company, Respondent Carrier.
No. 17065-PR.
Supreme Court of Arizona, In Banc.
January 17, 1984.
Reconsideration Denied March 20, 1984.
Spencer K. Johnston, Phoenix, for petitioner.
James A. Overholt, Chief Counsel, The Industrial Com'n of Ariz., Phoenix, for respondent.
Moore & Long by Joseph L. Moore, Phoenix, for respondent employer and respondent carrier.
CAMERON, Justice.
The petitioner, Julia M. Macias, was injured in an industrial accident on 5 June 1978. An Industrial Commission award was affirmed by the Court of Appeals, Division One, in a memorandum decision (No. 1 CA-IC 2746, filed 19 May 1983). She petitions this court for review, challenging the sufficiency of the award. We *183 have jurisdiction pursuant to Ariz. Const. Art. 6, § 5, and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.
The issue we must decide on appeal is whether there is competent or substantial evidence to support the finding by the administrative law judge that work as a home companion was reasonably available to the petitioner.
The facts necessary to resolve this issue follow. While employed at St. Luke's Hospital as a nurse's aide, the petitioner received back injuries in 1973 and 1978. Both required surgery. The last surgery was performed on 5 June 1978, and it is agreed that the petitioner cannot return to her former employment. The administrative law judge found:
I. [Petitioner] is currently able to perform work as home companion-sitter on the basis of four hours per day, five days per week with the physical, mental capacity training experience that the [petitioner] currently has.
J. That jobs as home companion-sitter are available from time to time in the area in which the [petitioner] resides and in the area in which the [petitioner] resided at the time of her industrial injury.
The administrative law judge then found that the petitioner could earn $272.98 per month as a home companion based upon twenty hours per week at $3.15 per hour and that, based upon an average monthly wage prior to injury of $479.75, she had suffered a 56.9% reduction in earning capacity. On review, the Court of Appeals held that the testimony by the insurance carrier's employment expert that there was "constant availability" for work as a home companion supported the determination of the administrative law judge that petitioner could, in fact, find "20 hours of work" as a home companion. We do not agree.
The petitioner's employment expert testified that there was no employment "reasonably available" for petitioner. She also testified that while home companion opportunities may be available, the competition for those jobs in today's labor market precluded the disabled petitioner from receiving one. The insurance carrier's employment expert testified that she had contacted various potential employers with regard to petitioner's possible employment and that there was:
a constant availability for companions. This does greatly depend upon the calls that they get requesting such services. So there is not such a thing as there are so many job openings a month, et cetera. It is people are able to fill out an application and be on call for that specific type of work.
The insurance carrier's employment expert admitted that the petitioner was restricted by the back injury in the jobs she could perform:
Q Do you have any idea, talking in percentage, of the jobs available how many of those jobs she would be eliminated from by those restrictions?
A No, I do not.
The administrative law judge found that jobs were available "from time to time."
We believe that the administrative law judge went as far as he could go under the facts in finding that such jobs were available "from time to time." However, he then went further in finding, in effect, that such work was available. We do not believe this conclusion is reasonably supported by the evidence.
The issue in determining loss of earning capacity is "to determine as near as possible whether in a competitive labor market the subject in his injured condition can probably sell his services and for how much." Davis v. Industrial Commission, 82 Ariz. 173, 175, 309 P.2d 793, 795 (1957). See also Roach v. Industrial Commission, 137 Ariz. 510, 514, 672 P.2d 175, 179 (1983); Zimmerman v. Industrial Commission, 137 Ariz. 578, 584, 672 P.2d 922, 928 (1983). The test for whether an injured employee is able to find work is two-fold: There must be employment available, and the claimant must reasonably be expected to be able to perform that work, considering physical capabilities, education, and training. Roach, supra 137 Ariz. at 512, 672 P.2d at 177; *184 Germany v. Industrial Commission, 20 Ariz. App. 576, 580, 514 P.2d 747, 751 (1973). An award of the Industrial Commission will not be upheld if it is not based on "competent" or "substantial" evidence in the record. Roach, supra 137 Ariz. at 512, 672 P.2d at 177; see also Allen v. Industrial Commission, 87 Ariz. 56, 66, 347 P.2d 710, 717 (1959); LaRue v. Industrial Commission, 20 Ariz. App. 498, 499-500, 514 P.2d 251, 252-53 (1973).
In the instant case, we do not believe employment as a home companion is reasonably available to the petitioner. There was no evidence tending to show that petitioner could reasonably be expected to compete for and secure employment as a home companion for twenty hours per week. See Roach, supra; Dean v. Industrial Commission, 113 Ariz. 285, 287, 551 P.2d 554, 556 (1976); Davis, supra. We do not believe the finding of the administrative law judge was reasonably supported by "competent or substantial" evidence.
The opinion of the court of appeals is vacated, and the award of the Industrial Commission is set aside.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.