717 P.2d 943

Tony D'AMICO, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

American Custom Fixtures, Respondent Employer,

Mission Insurance Company, Respondent Carrier.

No. 1 CA–IC 3378.

Court of Appeals of Arizona, Division 1, Department B.

April 3, 1986.

Gorey, Delaney & Melkonoff, P.C. by Edgar M. Delaney, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by J. Russell Skelton and Calvin Harris, Phoenix, for respondent employer and carrier.

## OPINION

JACOBSON, Presiding Judge.

This is a special action review of an Industrial Commission award denying all permanent disability benefits after the petitioner (claimant) failed to make a good faith effort to find suitable work. The issues presented are (1) whether reasonable evidence supports the finding of this failure; and (2) whether a good faith effort is a *substantive* requirement for permanent disability benefits. Although ample evidence supports the factual finding, we set aside the award, because it is substantively incorrect.

On February 16, 1983, the claimant injured his back at work while lifting a cabinet. The claimant, then 62 years old, had worked as a cabinet maker all his working life. Compensability was accepted. The claimant received conservative medical treatment, but this failed to relieve his symptoms of back pain and radiating leg pain and numbness. The claimant refused the option of surgery. It is not asserted that this refusal was unreasonable. The claimant was then discharged with a 10% permanent impairment, which restricted him to light work only.

The Industrial Commission issued its initial, permanent, partial disability award, finding that the claimant was unable to return to his prior employment, but was capable of working as a product assembler. The award relied on a labor market survey that concluded these positions paid $5.46 per hour when the claimant was injured. The claimant protested this award, and a hearing was scheduled. Both the claimant and the carrier timely requested subpoenae for labor market consultants. The carrier's consultant was, however, unable to appear at the scheduled hearing.

The hearing proceeded as scheduled. The claimant testified concerning his symptoms and residual limitations, as well as his job search. He admitted he spent only two days looking for work and that he searched for jobs only because he was told to do so. Furthermore, he confined his search to jobs that were admittedly unsuitable. The claimant also registered with the Department of Economic Security.

The claimant's consultant, a "recognized expert," testified that the medical limitations precluded the claimant from returning to work as a cabinet maker but did not totally incapacitate him. He was capable of light, sedentary work. The consultant agreed that product assembly work was suitable and reasonably available. He disagreed, however, that the claimant could have earned $5.46 per hour. In his opinion, given the claimant's inexperience, he could have earned only the minimum wage ($3.35 per hour). He explained the discrepancy as follows:

5.46 per hour is a composite of a survey indicating the entry level wage and the maximum level wage paid, to include longevity and various factors, and I believe it went upwards of $10 per hour, and this $5.46 per hour was an average rate which was arrived at by adding all of the entry level wages or experiential wages and dividing by the number of factors there were.

At the close of the hearing, the carrier renewed its request to have its labor market consultant testify, representing that its consultant would indicate the claimant was capable of earning above the minimum wage. The administrative law judge reserved his decision regarding the necessity of this witness and subsequently issued his award without a further hearing. He found that the claimant had failed to make a good faith effort to obtain suitable work, and that this failure precluded a permanent, partial disability award. After affirmance on administrative review, this special action followed.

On review, the claimant first argues that he made a good faith effort to obtain work. This argument misstates the evidentiary issue. The question is whether there is reasonable evidence to support the administrative law judge's contrary finding as to this fact. *Arrowhead Press, Inc. v. Industrial Commission,* 134 Ariz. 21, 653 P.2d 371 (App.1982). Our standard of review requires us to view the evidence in a light favorable to the administrative law judge's findings. *Atkison v. Industrial Commission,* 26 Ariz.App. 6, 545 P.2d 968 (1976).

In the present case, ample evidence supports the disputed finding. The claimant made nothing more than a token effort to find work. Furthermore, this token effort was calculated to fail. The only jobs that the claimant sought were unsuitable. Indeed, the claimant admitted he did not want to do any work other than cabinet making.

The claimant next argues that he may receive permanent disability benefits without making a good faith effort to find

suitable work. We agree. One recent court of appeals case analyzes the governing principles as follows:

A failure of the injured workman to make a good faith and reasonable effort to secure work may support a finding that the industrial injury is not the cause of the employee's loss of earnings. *See, e.g., Schnatzmeyer v. Industrial Commission,* 77 Ariz. 266, 270 P.2d 794 (1954). Also, the burden of going forward with the evidence in a loss of earning capacity hearing does not shift to the employer if the injured employee fails to prove he has made a good faith and reasonable effort to find other work. *See, e.g., Wiedmaier v. Industrial Commission,* 121 Ariz. 127, 589 P.2d 1 (1979), and cases cited therein.

However, Arizona's statutory scheme does not require that a claimant always prove his reduced earning capacity by showing an unsuccessful good faith effort to obtain suitable employment. A claimant may meet his burden of proof by relying upon expert testimony to show the type of work the claimant is able to perform with his industrial injuries, and the amount which would be earned in such employment. Such evidence could satisfy the claimant's duty to mitigate his damages. *Hoffman v. Brophy,* 61 Ariz. 307, 149 P.2d 160 (1944). *Franco v. Industrial Commission,* 130 Ariz. 37, 39, 633 P.2d 446, 448 (App.1981). *Accord United Riggers Erectors v. Industrial Commission,* 131 Ariz. 258, 640 P.2d 189 (App.1981); *Felker v. Industrial Commission,* 134 Ariz. 19, 653 P.2d 369 (App. 1982) (dictum).

The administrative law judge concluded, as the respondents asserted, that these authorities represent a narrow exception to the general rule requiring a good faith effort to obtain employment. Indeed, this argument contends the Arizona Supreme Court cases contradict a broad interpretation of our opinions in the cases cited above. We disagree. Those cases differ factually from the instant case. *Franco* involved a carrier's petition to rearrange an established, permanent, partial disability

award after the employee's voluntary, early retirement. *United Riggers* involved an imprisoned employee who could not make an effort to obtain suitable work due to his voluntary, culpable conduct. *Felker* concerned penalty benefits for temporary compensation. These differences from the present case are not based on principle alone, nor do the Supreme Court cases conflict with a general rule that the claimant may prove his case through expert testimony.

The seminal case is *Hoffman v. Brophy*, 61 Ariz. 307, 149 P.2d 160 (1944). There, a laborer who suffered a back injury was discharged with a 25% functional disability. Although he claimed to be totally disabled, he was awarded permanent, partial disability based solely on the impairment. The Supreme Court set aside this award, because disability benefits are based on lost earning capacity, not on impairment alone. The *Hoffman* court also rejected the position that the claimant's unemployment alone established total disability, stating:

> It is, of course, a rule that every injured person must seek to minimize his loss, and to put forth an active effort to procure such employment as he is able to.... It may even be necessary that he change his former vocation.... The Commission should also be on the alert to weed out the malingerer, and the lazy and indolent should not be rewarded. The measure of the award in a case such as this is not the percentage of 'functional disability,' nor the amount of wages actually earned since the injury, but rather the loss of earnings caused by the injury....

*Id.* at 314–15, 149 P.2d at 163 (citations omitted).

The other leading case is *Schnatzmeyer v. Industrial Commission*, 77 Ariz. 266, 270 P.2d 794 (1954). There, the employee also suffered a back injury and was discharged with a partial, functional disability. Although this injury disabled him from returning to his prior carpentry work, he was capable of light work. The employee asserted he was totally disabled, because his

limited job search had been unsuccessful. The Supreme Court affirmed an award for permanent, partial disability, because the employee's failure to seek work earnestly supported an inference that his industrial injury did not cause his total disability:

> The basic reason for requiring this effort is the obligation to minimize loss of earnings. It is an evidentiary fact that the cause of unemployment is not his injuries but his lack of effort in seeking and possibly obtaining work. Presumably, had he sought he would have found and thereby added to his earnings.

*Id.* at 270, 270 P.2d at 796.

■ These cases require mitigation of damages. A good faith effort to secure suitable work is *evidence* that the claimant has fulfilled this duty. It does not follow that this is the only relevant evidence, or that failure to make this effort precludes disability benefits. Indeed, in *Schnatzmeyer*, the claimant failed to make a good faith effort, but was awarded permanent, partial disability benefits. That is, the failure merely supported an inference that the claimant would have found suitable work had he sought the opportunity. Unless the suitable work paid the same as the pre-injury work, a partial disability nevertheless resulted.

The carrier also relies on a recent Supreme Court case, *Zimmerman v. Industrial Commission*, 137 Ariz. 578, 672 P.2d 922 (1983). It supports, rather than contradicts, our analysis. The court admittedly approved the general statement that "[i]t is normally incumbent upon an injured workman to demonstrate a reasonable effort to secure employment in the area of his residence." *Id.* at 580, 672 P.2d at 924 (quoting *Dean v. Industrial Commission*, 113 Ariz. 285, 551 P.2d 554 (1976)). This discussion nevertheless concerned the burden of production, rather than a substantive requirement for permanent disability benefits:

> While the parties argue about the burden of proof and the burden of going forward with the evidence, we do not see these issues as the real problem in this

case. At the hearing on loss of earning capacity, both parties produced expert testimony with regard to the availability of suitable employment in Tucson.... Thus, no matter which side had the burden of going forward, evidence with respect to employment available in Tucson was adduced on both sides of the question.

*Id.* at 581, 672 P.2d at 925. Indeed, the *Zimmerman* court set aside the award denying permanent disability benefits that was, in part, based on the lack of a good faith effort, because the evidence failed to establish that suitable employment was reasonably available.

■ In the present case, the administrative law judge erroneously penalized the claimant. The claimant satisfied his duty to mitigate by *conceding* his residual capacity to do light work and the reasonable availability of this work. The only dispute remaining concerned the value of this work. The administrative law judge aborted the hearing process and prevented the carrier from presenting its proof on this issue. If the carrier proves that suitable work which pays more than the minimum wage is reasonably available, the lack of a good faith effort here will support an inference that the claimant would have obtained the higher paying work had he sought such work.

For the foregoing reasons, the award is set aside.

CORCORAN and CONTRERAS, JJ., concur.