792 P.2d 760

**Toby BACA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Robert N. Ewing, Respondent Employer,**

**Industrial Indemnity Company, Respondent Carrier.**

**No. 1 CA–IC 88–165.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 25, 1990.

Reconsideration Denied March 6, 1990.

Review Denied June 19, 1990.

---

Charles, Hakes, McGuire, Keist & Thompson by Robert J. Hommel, Glendale, for petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Donald L. Cross and J. Victor Stoffa, Phoenix, for respondents Employer and Carrier.

GERBER, Judge.

This is a special action review of an administrative law judge's award for an unscheduled permanent partial impairment with no loss of earning capacity.

## FACTS

The facts taken in a light most favorable to sustaining the award are as follows. Petitioner employee (claimant) is a cement finisher who injured his jaw while working as a foreman for respondent Robert N. Ewing (Ewing). Respondent Industrial Indemnity Company (Industrial Indemnity) is the insurance carrier for Ewing. Approximately two years after the accident, an administrative law judge entered an award

finding that (1) claimant suffered from temporomandibular joint dysfunction, and (2) the injury would not affect claimant's ability to return to work as a cement finisher.

Claimant reapplied but was refused employment with Ewing. He then unsuccessfully sought permanent employment at other construction companies. Each company requested information regarding prior work-related injuries and then denied him employment. Claimant finally obtained a temporary position with a construction company. After this position ended, he started his own company due to his inability to find permanent employment.

Industrial Indemnity issued a notice terminating claimant's benefits. The Industrial Commission then approved the termination by entering an award for no loss of earning capacity. Claimant requested a hearing. At the hearing, a doctor who previously examined claimant testified that he was capable of working as a cement finisher. Two vocational rehabilitation consultants also offered testimony. The first consultant testified on behalf of claimant. He stated that employers in the construction industry do not hire people with previous work injuries. The second consultant testifying on behalf of Industrial Indemnity characterized claimant as mildly disabled. He stated that employment should be available to him because the job market for cement workers is "excellent". He also testified that employers would work with claimant to accommodate his disability. A construction company owner, the person who temporarily employed claimant, testified that it is the practice of companies for whom he worked to avoid hiring applicants who have suffered work-related injuries. He explained that an application would be discarded if it indicated such an injury. Additionally, he stated that claimant spent a considerable amount of time searching for employment.

The administrative law judge entered an award for no loss of earning capacity and for four supportive care visits per year. The award was affirmed on administrative review. Claimant then brought this special action. On appeal, claimant asserts that the administrative law judge erred by (1) finding that claimant sustained no loss of earning capacity, and (2) awarding four supportive care visits per year. Our findings regarding the first issue are dispositive of the entire appeal, and we therefore need not consider the second issue.

## ANALYSIS

 In establishing a loss of earning capacity award, the court must determine whether the claimant can sell his services in the competitive labor market and the level of compensation he could possibly attain. *Davis v. Industrial Comm'n,* 82 Ariz. 173, 309 P.2d 793 (1957). The burden of proof is initially upon the claimant to demonstrate a reasonable effort to secure employment. *Employers Mut. Liab. Ins. Co. v. Industrial Comm'n,* 25 Ariz.App. 117, 541 P.2d 580 (1975). If the claimant presents testimony that efforts have been made but were unsuccessful, the burden of presenting contrary evidence that suitable employment is reasonably available shifts to the employer and insurance carrier. *Zimmerman v. Industrial Comm'n,* 137 Ariz. 578, 672 P.2d 922 (1983). This burden can be met by presenting evidence of (1) the competition for available positions and (2) the extent to which claimant's impairment affects the ability to compete for employment. *Roberts v. Industrial Comm'n,* 162 Ariz. 108, 781 P.2d 586 (1989).

 The evidence in this case established that claimant made a good-faith effort to obtain employment. An affidavit presented to the administrative law judge listed in detail claimant's various attempts to gain employment. His temporary employer also testified as to his efforts. This evidence is sufficient to shift the burden of proof to Ewing and Industrial Indemnity.

 The evidence presented by Ewing and Industrial Indemnity does not meet the burden of establishing reasonably available work. The Supreme Court of Arizona has stated:

> [D]etermination of the injured worker's ability to sell his services in a competi-

tive, open market requires specific evidence—not abstractions or assumptions—regarding the number of positions available, the competition for those positions, the regularity and permanency of the positions, *and 'possibly most importantly,' the likelihood of the prospective employer giving the injured applicant as much consideration as those who are not handicapped or have not experienced industrial injury.*

*Zimmerman v. Industrial Comm'n,* 137 Ariz. at 584, 672 P.2d at 924 (emphasis added), quoting *Jordan v. Decorative Co.,* 230 N.Y. 522, 525, 130 N.E. 634, 635–36 (1921). Evidence from Industrial Indemnity and Ewing consisted of generalities and abstractions which did not establish the likelihood that construction employers would hire claimant or any other prospective employee suffering a previous industrial injury. Instead, the consultant and the employer who testified that employers in the construction industry do not hire individuals with previous work-related injuries demonstrated that concrete work is not reasonably available to claimant. There is thus no support for the administrative law judge's finding of no loss of earning capacity. We need not consider claimant's second issue. We accordingly set aside the award and remand for a new award consistent with this opinion.

FIDEL, P.J., and EUBANK, J., concur.